This is an appeal from the decision of the trial court dismissing the plaintiffs' appeal from the granting of a variance by the defendant zoning board of appeals of the town of Litchfield. *Page 652 
The relevant facts are as follows: The defendants Joseph and Dorothy Dumaresq (hereinafter the defendants) are the owners of a parcel of property with a building thereon situated on route 202 in the town of Litchfield. Prior to the adoption of the Litchfield zoning ordinance, the defendants operated a retail fabric shop on the premises. In 1970, the town adopted zoning regulations which classified the area of the defendants' property as an R-40 residential zone. The defendants' property thereafter became a nonconforming use. The defendants continued to operate the fabric shop until 1978, when they offered the property for sale. In 1981 a buyer was procured who sought to operate the premises as a retail framing shop. To accommodate the purchaser and effectuate the sale, the defendants applied for a zoning permit and certificate of occupancy from the Litchfield zoning officer. Their application was denied because the official found that the nonconforming use had been abandoned by the defendants' failure to use or occupy the premises for a continuous period of one year prior to the application as required by article VI 1(4) of the Litchfield zoning regulations.
On September 11, 1981, the defendants applied to the zoning board of appeals for a "Variance from Section 1, Art. VI of the Zoning Regulations."[1]
After a public hearing, the board granted the application on September 28, 1981. *Page 653 
The plaintiffs, owners of a piece of property abutting the defendants' land, took an appeal from the board's decision to the Superior Court. The court dismissed the appeal, finding that the defendants never intended to abandon their nonconforming use and that there was sufficient hardship to justify the variance.
From that judgment the plaintiffs have appealed to this court. Although the plaintiffs have briefed several issues, we need discuss only one, as it is dispositive of this appeal. The plaintiffs contend that the board acted illegally in granting the variance from article VI 1 of the zoning regulations. We concur in this claim.
Generally speaking there are normally two methods under zoning regulations by which an owner may legally use his property in a nonpermitted manner. First, his property may qualify under the regulations for the continuance of a nonconforming use after the adoption of zoning. Second, he may thereafter obtain a variance of use from the zoning board of appeals. Tondro, Connecticut Land Use Regulation, p. 70. Under the Litchfield zoning regulations, a nonconforming use is defined as the "[u]se of a building or of land that did not, at the time of the adoption of these regulations or relevant amendments, conform to these regulations." Litchfield Zoning Regulations, Art. II § 2 (22). A variance, on the other hand, enables a property owner in a specific case, where certain requirements are met, to escape the strict application of the zoning ordinance.
Under the Litchfield zoning regulations, the zoning board of appeals may "[a]uthorize on appeals in specific cases variances from the terms of these regulations whereby [sic] reasons of exceptional slope, size or topography of the lot or other exceptional situation or condition of the building or land, practical difficulty or unnecessary hardship would result to the owners of said property from a literal enforcement of regulations." Litchfield Zoning Regulations, Art. VII § 3(1)(c). *Page 654 
It is undisputed that the defendants' use of their property as a retail fabric store until 1978 was a nonconforming use since at the time of the adoption of the zoning regulations it constituted a use not permitted in its established zone (R-40). Upon the closing of the retail fabric store in 1978, the property was offered for sale. When a purchaser was obtained in 1981 for the purpose of opening a framing shop, the defendants applied for the necessary zoning permit and certificate of occupancy. The zoning officer, who is the authority charged with the enforcement of the zoning regulations under article VII 1(1), denied the permit pursuant to article VI 1(4) of the ordinance, which provides that "[a]ny land or building, or portion thereof, nonconforming as to use requirements as distinguished from area requirements, which remains unoccupied or unused for the nonconforming use for a continuous period of one year shall not thereafter be occupied except by a use which conforms to the use requirements of the zone in which it is located."
When the zoning officer denied the application, the defendants had two possible remedies under the regulations. The first was to appeal the denial to the zoning board of appeals pursuant to article VII 3(1)(b), which empowers the board to "[h]ear and decide appeals where it is alleged that there is error in any order or decision made by the zoning Officer." See Magnano v. Zoning Board of Appeals, 188 Conn. 225, 226-27, 449 A.2d 148
(1982). Alternatively, the defendants could have acquiesced in the decision of the zoning officer and applied to the board for a variance, pursuant to article VII 3(1)(c), to permit a commercial use in an R-40 residential zone. By applying for a variance from article VI 1 to reinstate their nonconforming use, however, the defendants, in effect, improperly mixed alternative remedies. This they could not do, since, under the regulations and law, those zoning board powers are mutually exclusive. See General Statutes 8-6. *Page 655 
The confusion of the defendants is further evident in their application to the zoning board of appeals for the variance in the following statements: "3. PREVIOUS APPEALS have been made with respect to this property as follows: A. Appeal from decision of Zoning Official denying zoning permit application . . . . Owners request reinstatement of non-conforming use to allow use of building for framing shop. Requested use to be no more intensive than former use." The confusion of the defendants was transmitted to the zoning board of appeals by their improper and misleading variance application. Consequently, the board erred when it granted the variance sought. Because this holding is dispositive of the appeal, we need not consider the other claims of error presented by the plaintiffs.
 There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal in accordance with this opinion.
In this opinion DALY and CIOFFI, Js., concurred.