FRANCIS A. MINITER ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BERLIN
(7814)

SPALLONE, O'CONNELL and FOTI, Js.

Argued October 4—decision released December 5, 1989

*Stephen L. Savarese,* for the appellants (plaintiffs).

*E. Timothy Sullivan, Jr.,* corporation counsel, for the appellee (defendant).

FOTI, J. The plaintiffs appeal from the judgment of the trial court upholding the decision of the defendant zoning board of appeals of the town of Berlin (board), which sustained the town building inspector's disapproval of their proposed building plans and alternate application for a variance to construct a second kitchen in a single-family home located in a single-family residence zone. The plaintiffs claim that the court erred (1) in finding that their request for a variance of the applicable zoning regulation constituted a concession of the propriety of the local building inspector's interpretation of the regulation and consequently estopped them from appealing that official's decision, and (2) in failing to review the board's decision to uphold the zoning enforcement officer's interpretation of the regulation. We find error.

The plaintiffs, a husband and wife, have built a house in Berlin's Mountain Reserve zone.[1] Because the plaintiffs desired to add a kitchen facility for a mother-in-law suite, they submitted building plans to the building inspector, the town's zoning enforcement officer, in order to obtain a building permit. The building inspector refused to approve the complete mother-in-law suite, indicating that an additional kitchen left open the possibility that the home could be used as a two-family dwelling in the future. In response to this decision, the plaintiffs filed an application with the defendant board seeking a reversal of the building inspector's ruling. General Statutes § 8-6 (1).[2] As an alternative strategy, the plaintiffs also requested that the board grant them a variance from the zoning regulations as provided in General Statutes § 8-6 (3).[3] The board's denial of the plaintiffs' application addressed only their

[1] In accord with section 4.11 of the zoning regulations of the town of Berlin, the town's Mountain Reserve zone allows only detached, single-family dwellings, farms and golf courses.

[2] General Statutes § 8-6 provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter."

[3] General Statutes § 8-6 (3) provides that the zoning board of appeals has the following power and duty: "(3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."

request for a variance, stating that "[t]his unit, including a kitchen and bath, constitutes a potential for a two family dwelling."

The plaintiffs appealed the board's decision to the Superior Court in accord with General Statutes § 8-8. This appeal requested relief "from the decision of the building inspector for a second kitchen facility in a single family residential dwelling," and from the denial of the application for a variance. The trial court denied the plaintiffs' appeal, holding that the statutory remedies available to the plaintiffs were mutually exclusive, and "that the plaintiffs, by requesting a determination in the alternative, conceded that the building inspector was correct in his interpretation of the regulation and therefore are now estopped from appealing the board's decision denying a reversal of the building inspector's ruling." The court also held that the board's denial of the variance was supported by the record.

The plaintiffs first claim that the trial court erred in finding that the remedies possible under General Statutes §§ 8-6 (1) and 8-6 (3) are mutually exclusive. We agree.

Section 8-6a of the General Statutes states that "[w]henever an application to a zoning board of appeals for the grant of a variance is joined with an appeal from any order, requirement or decision made by the official charged with the enforcement of this chapter, or any bylaw, ordinance or regulation adopted under the provisions of this chapter, the board shall first decide the issues presented by such appeal."

General Statutes § 1-1 (a) mandates that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of language." "Courts must interpret the statutes as they are written . . . and cannot, by construction, read into them provisions which are not clearly

stated. . . . It is a cardinal rule of construction that statutes are to be construed so that they can carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself where the language is plain and unambiguous." (Citations omitted.) *Edelson* v. *Zoning Commission,* 2 Conn. App. 595, 599, 481 A.2d 421 (1984).

The plain language of § 8-6a clearly allows a party to file a bifurcated claim with a zoning board relying on both §§ 8-6 (1) and 8-6 (3) and requesting simultaneous relief under each of these subsections. Simply put, § 8-6a permits the concurrent filing of both an appeal from a zoning enforcement officer's ruling and a request for a variance. When a party applies for a review under both §§ 8-6 (1) and 8-6 (3), § 8-6a specifically requires that a zoning board first decide the issues presented by the § 8-6 (1) application for a building permit. Should the board uphold the denial of the building permit, it must then act upon the § 8-6 (3) request for a variance of the zoning ordinance.

In the immediate case, there is no indication that the defendant board ever reviewed the plaintiffs' application for a building permit. Its denial was addressed solely to the plaintiffs' application for a variance. The Superior Court compounded the board's error when it premised its decision on a finding that the plaintiffs were estopped from relying on the remedies of both §§ 8-6 (1) and 8-6 (3) and consequently reviewed only the plaintiffs' application for a variance.

The defendant argues that the Superior Court was correct in its interpretation of §§ 8-6 (1) and 8-6 (3) as mutually exclusive remedies and relies upon *Barausky* v. *Zoning Board of Appeals,* 38 Conn. Sup. 651, 459 A.2d 258 (1983). This reliance is misplaced, however, in light of the fact that *Barausky* is distinguishable from the present case.

In *Barausky,* the defendant property owner ran a fabric business from a building that was on a parcel of land that abutted the plaintiff's land. After an ordinance was passed declaring the area an R-40 residential zone, the defendant continued the operation of his business as a nonconforming use. Eventually, the defendant closed the business and the building remained unused for three years. When the defendant found a buyer for the property who wanted to use the building as a framing shop, he applied to the town's zoning enforcement officer for a permit to operate the new business on the property. When the zoning permit was denied, he applied to the zoning board of appeals for the *reinstatement of his nonconforming use.* The court held that the defendant had pursued the wrong remedy. It stated that the only two remedies open to the defendant at this time were either (1) to appeal the denial of the permit, or (2) to apply for a *variance to allow a commercial use in a R-40 residential zone.* "By applying . . . *to reinstate their nonconforming use,* however, the defendants, in effect, improperly mixed alternative remedies. This they could not do, since . . . those zoning board powers are mutually exclusive." (Emphasis added.) Id., 654.

The zoning powers referred to by the *Barausky* court as mutually exclusive are (1) the power to allow or overlook a nonconforming use, and (2) the power to grant a variance permitting commercial use in a noncommercial zone. The remedies made available by §§ 8-6 (1) and 8-6 (3) are not affected by this ruling and can be applied for simultaneously.

The defendant further argues that the proposed mutually exclusive line of reasoning and its limitation on remedies is analogous to the situation presented in *Lauricella* v. *Planning & Zoning Board of Appeals,* 32 Conn. Sup. 104, 342 A.2d 374 (1974). In *Lauricella,* the plaintiffs appealed from the decision of the building inspector and also requested a special exception to

allow the erection of the proposed buildings, noting that the request was being made without prejudice and with reservation of all rights. The defendant argued that the plaintiffs had waived the right to appeal the board's upholding of the inspector's decision by requesting the special exception. The court noted that "'[t]he defendant seeks to apply the established rule that, having sought to avail themselves of the zoning regulations by making application thereunder, *the plaintiffs are precluded in the same proceeding from raising the question of their constitutionality or legality.* . . . The plaintiffs have successfully avoided that limitation on their claims by the clear reservation of all rights, which had as its purpose the express denial of any such waiver as is now claimed by the defendant." (Emphasis added; citation omitted.) Id., 106.

The defendant's reliance on *Lauricella* is also misplaced. The plaintiffs in the present case are not attacking the legality or constitutionality of the regulations that they are seeking to vary, and, therefore, there was no need for them to make their request for simultaneous review without prejudice and with reservation of all rights. The plaintiffs' position is that the zoning enforcement officer was incorrect in his interpretation of the regulations,[4] but, in the alternative, if he was correct, they request a variance.[5]

We conclude that the proper standard of review was not followed here. "An administrative agency such as the board in the instant case is called on to determine the applicability of the law to a given state of facts pre-

[4] The plaintiffs allege that under the zoning regulations of the town of Berlin a "dwelling unit" is defined as: "A building or portion thereof, providing complete housekeeping facilities for one family," and that a second kitchen would not violate the "complete housekeeping" standard.

[5] We note that the plaintiffs do not claim in their statement of issues that the trial court erred in upholding the defendant's denial of their application for a variance.

sented to it. The trial court [has] to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 117, 186 A.2d 377 [1962]." *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 620, 238 A.2d 400 (1968). " 'In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal.' " *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988), quoting *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560–61, 236 A.2d 96 (1967). In accord with that standard, it was the board's duty, pursuant to General Statutes § 8-6a, to review and decide the plaintiffs' appeal before acting on the application for a variance. On appeal to the Superior Court, the court should have determined whether the board correctly interpreted the regulations and applied them with reasonable discretion to the facts. This was not done here.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with law.

In this opinion the other judges concurred.