[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction and Factual Background
 A.
The instant case comes before this court for a third time after an earlier decision and subsequent appellate review. In April, 1987 the plaintiffs, Francis A. Miniter and Peggy M. Miniter, applied for a permit to build a 5,200 square foot single family dwelling on Lot 209 Summitwood Drive, Berlin, Connecticut. They sought permission to include a "mother-in-law" suite in their home. The suite, according to the plans, was to contain "a kitchen area, living space, bedroom, and bathroom, to be located mostly over the garage. The kitchen plans provided for a sink, stove and dishwasher." (Return Item b; Plaintiff's Brief).[1] Upon denial, on June 3, 1987, they filed an appeal with the defendant Zoning Board of Appeals together with a request for a variance. CT Page 5037 (Return Items a; i). After a public hearing, on June 30, 1987, the Board denied the variance without acting on the appeal. (Return Items f; i). Indeed, the notification letter, dated July 2, 1987, and the notice for publication are silent on the issue of the appeal. (Return Items g; h). The plaintiffs filed an appeal to this court on July 20, 1987 and on December 15, 1988, the court, Spada, J. denied said appeal. (CV 87-440450). At issue, in part, was the propriety of the Board's decision to rule only on the variance and not on the appeal. The plaintiffs sought further review and the appellate court reversed noting that the two remedies were not mutually exclusive and that the Board should have considered the appeal of the Building Inspector's decision before deciding the variance pursuant to Gen. Stat. 8-6a. Miniter v. Zoning Board of Appeals,20 Conn. App. 302, 305 (1989). On remand, the court, Aronson, J. sustained the appeal and remanded to the Board for that express purpose ("Remanded to Berlin ZBA (to consider plaintiff's appeal to inspector")).
 B.
The Board published notice and held a public hearing on April 24, 1990. (Return Items j, k, l, m). The express purpose of the hearing, as set forth in the notice and the agenda, was to "request a variance". (Return Items j; k). (Emphasis supplied). The Board closed the public hearing and tabled action. (Return Items m; n). On or about May 22, 1990, the Board voted to deny the appeal and then voted to deny the variance. (Return Item q). The Board published notice which indicated only that the variance was denied. The notice was silent as to the appeal. (Return Item r). A letter was also sent to the plaintiffs indicating the variance was denied but was silent as to the appeal. (Return Item t). The instant appeal was then filed.
 II.
Discussion
 A.
General Statutes 8-8(a) restricts those people that may appeal a Board decision to those who are either aggrieved or those who own land which abuts . . . the land involved in the decision. Aggrievement must be both properly pleaded and CT Page 5038 proved. Walls v. Planning and Zoning Commission, 176 Conn. 475,479 (1979). While no evidence was submitted at the trial, the defendant agreed that the plaintiffs could file an affidavit indicating ownership. On April 27, 1993, an affidavit was submitted indicating the plaintiff Francis Miniter still owns said property. This court, therefore, finds that Francis Miniter has a specific and personal interest which has been injuriously affected by the Board's decision and is therefore aggrieved. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968). As no evidence was received concerning Peggy Miniter, she has not carried her burden on aggrievement.
 B.
1.
This case involves several procedural issues which must be addressed. The order to the Board by Judge Aronson was "to consider the plaintiffs' appeal to inspector". This court obviously assumes (as do the parties) that this directive meant that the Board should consider the appeal from the building inspector's decision to deny the permit. While the appellate court ordered the Board to decide the appeal prior to the variance, there is nothing that would suggest the variance was to be decided again. The actual variance decision was not at issue in the appeal to the appellate court. Miniter, supra, 303. Yet, the Board published notice and an agenda with the only item being the request for a variance.
At the hearing, the Board did actually vote on the plaintiff's appeal. The setting was most curious. After the Chairman introduced the matter and Mr. Miniter indicated his interpretation of the court's remand, the following colloquy took place:
 Mr. Robert Clark: Would you care to appeal the determination of the Building Inspector.
 Mr. Miniter: That is what we are here for.
 Mr. Robert Clark: We will allow you to do that prior to voting.
CT Page 5039
As indicated, on May 22, 1990, the Board voted to deny the appeal and then voted to deny the variance. The denial letter was silent on the issue of the appeal as was the published notice of action.
2.
The first issue is whether the Board should have held another public hearing. The answer at first glance is no, but on closer scrutiny, yes. In Gervasi v. Town Plan Zoning Commission, 184 Conn. 450, 452 (1981), the court considered a Supreme Court remand to a zoning commission which held a second public hearing. The court noted that no second hearing was required because a public hearing had already been held on the initial application. Additionally, the court found that the (subdivision) statute did not authorize multiple public hearings and that the remand order did not contemplate another hearing. The court thus stated, at 454,
 this directive precluded the commission from treating the matter as a new submission. In effect, the proceedings before the commission were to be taken up where they had been left off: the posthearing or deliberative state.
As the situation is no different in the present case, the quick analysis is that the Board should not have scheduled another public hearing.
A review of the record indicates, however, that the notice for the first public hearing, that is, the June 30, 1987 hearing (Return Item d), omits any reference to the issue of the appeal. The notice is only for the variance. It is elementary that for notice to be adequate "the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed . . . ." Passero v. Zoning Commission, 155 Conn. 511, 514 (1967); Neuger v. Zoning Board of the City of Stamford, 145 Conn. 625
(1958).
A notice need not contain an "accurate forecast of the precise action which will be taken on the subject matter referred to in the notice." Neuger, supra, 630. Indeed, in Danseyar v. Zoning Board of Appeals, 164 Conn. 325, 330 (1973) CT Page 5040 the court held that a notice which used the word "variance" was adequate even though the subject concerned an appeal. In that case, however, the Board clearly treated the notice as one to consider an appeal. In the present case, the variance notice is consistent with the Board's action, i.e., to consider a variance only. Indeed, in denying the appeal in Danseyar, the Board noted exactly what it was doing. Such is not the case herein — whether one examines the 1987 prehearing notice, minutes, decision letter, post hearing publication, 1990 prehearing notice, decision letter or post hearing publication.
"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect." Wright v. Zoning Board of Appeals, 174 Conn. 488,491 (1978). General Statutes 8-7 requires notice for an appeal and none was given in this case. Recently in Arway v. Redding Zoning Commission, 8 Conn. L. Rptr. No. 15, 490 (April 12, 1993), Judge Fuller held that publication which omitted reference to the special permit request in an application that sought both a site plan and a special permit was defective to the extent it did not mention the special permit. He noted that the Commission therein could act independently on the site plan as it was distinct from the special permit. Such is the case herein as a variance seeks approval from the Board of Appeals to do something not permitted by the regulations while the appeal seeks review of a decision of the building inspector for something that is arguably permitted. As in Arway, this court believes that the notice was defective to give the Board jurisdiction to hear the appeal. This would be true in the 1987 proceeding as well as the 1990 proceeding. Thus, to the extent the 1987 notice was defective, a simple remand for deliberation only would be improper. Yet in this case, the 1990 notice repeated the same mistake — even after strict orders of remand. Thus, this court believes it was indeed proper to publish notice for a new hearing — but only notice for an appeal. unfortunately, it was not done. Adequate prehearing notice is jurisdictional and if defective,
 "[t]he public hearing and decisions predicated on it are void and even may be attacked in proceedings brought after the expiration of the deadline for appealing the decision based on the public hearing."
CT Page 5041
Koepke v. Zoning Board of Appeals, 25 Conn. App. 611, 618
(1991) citing T. Tondro, Connecticut Land Use Regulation, pp. 173-74 (1979).
Finally, a claim that the notice defect was cured because plaintiffs and others were actively in attendance is without merit. Koepke, supra, 618-619.
3.
Having failed to give proper notice of the appeal, the Board also failed to give proper post hearing notice. The denial letter omits any reference to the appeal. The two main paragraphs only refer to the denial of the variance and the reasons therefor. (Return Item t). The publication, as indicated, is similar. (Return Item r). General Statutes 8-7
also requires publication of the decision. The post hearing notice, like a prehearing notice, must also be adequate. Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276,281 (1985). This notice, which omits any reference to action on appeal, is defective. Thus, the Board has failed to publish in accordance with the statutory requirement. Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 387 (1972). Failure to publish renders the decision void. Akin v. Norwalk,163 Conn. 68, 74 (1972); Arway, supra, 492.
Perhaps one could argue that these procedural errors are inconsequential as the Board did in fact vote on the appeal. These issues were not addressed in the first Superior Court hearing, but not all of these issues were present at that time. This court believes that matters on remand should not be handled in such a cavalier manner. In this case, the Board's 1990 actions were void due to a lack of jurisdiction as a result of improper notice going in as well as a failure to publish coming out.
4.
As a result of this conclusion, this court will not address the issue of whether the denial of the building permit was proper.
III. CT Page 5042
Conclusion
The appeal is sustained. Costs are awarded to the plaintiff.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT