[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Norwalk Zoning Board of Appeals (the "Board") pursuant to Connecticut General Statutes § 8-8. The defendant Al Ciraldo ("Ciraldo") had filed an application for a zoning approval and zoning compliance for an adult use establishment known as the Zebra Club to be located at 261 Main Avenue in Norwalk. The application was approved by the Norwalk Zoning inspector whereupon the plaintiffs, who are neighbors of the Main Street address, appealed to the Board pursuant to the Norwalk Zoning Regulations, § 118-1410A(1). After the Board denied the appeal, the plaintiffs appealed the decision to this court. CT Page 12269
What is before the court now is an application for a restraining order made pursuant to Connecticut General Statutes § 8-8 (g), seeking an order to restrain the defendant Ciraldo from utilizing in any way the zoning permit issued to him pending the determination of this appeal. What is not before the court at this time is a determination of the merits of the plaintiffs' appeal, which will be addressed at some future date after the filing of the complete record of the hearing before the Board, and a full court hearing on the merits.
The court conducted an evidentiary hearing on the application for a restraining order on June 15, 1999 at which time the parties presented evidence and subsequently filed briefs. The Zebra Club is an establishment which once inhabited another location in Norwalk under the designation "Adult Use Establishment", featuring female nude dancers, pursuant to § 118-100 of the Norwalk Zoning Regulations. Ciraldo's apparent intent, according to his application for a zoning approval and zoning compliance, is to operate a similar establishment at the new address. The plaintiffs claim that the court should issue the requested restraining order because they have established that there is a reasonable probability of their success on the merits of the appeals, and that they would suffer irreparable harm if such an order is not issued.
The plaintiffs claim that there is a reasonable probability of success on the merits because the Board erred in: (1) finding that the proposed use is a permitted use in the Business No. 2 Zone in which the property is situated; (2) finding that the provided parking meets the requirements of the regulations; (3)
finding that the use will be legally non-conforming; (4) finding that the proposal provides the 20% open space required by the regulations; (5) denying the plaintiffs the opportunity to argue that the zoning permit was improperly issued without a site plan review; (6) denying the plaintiffs' due process right to cross-examine Ciraldo's lawyer at the Board hearing.
An appeal from a decision of the Zoning Board of Appeals to the Superior Court does not stay "the proceedings on the decision appealed from. "However, the court to which the appeal is returnable "may grant a restraining order, on application, and after notice to the Board and cause shown." Connecticut General Statutes § 8-8 (g). This statute has not been interpreted by the Supreme Court or the Appellate Court, but Superior Court CT Page 12270 decisions have found that in determining what constitutes "cause shown" for a temporary restraining order, the elements required for granting a temporary injunction are to be used. Floch v.Planning and Zoning Commission, 12 Conn. Law Trib. 3, January 20, 1986; Wilcox v. Zoning Board of Appeals, Town of Fairfield, Superior Court judicial district of Fairfield, Docket No. 219692 (November 8, 1984); Land Use Law and Practice, Fuller, § 41.2 p. 673. Thus, in requesting a temporary restraining order under § 8-8 (g), the plaintiff must establish (1) that there is a reasonable probability of success on the merits of the appeal and (2) that the plaintiff will suffer irreparable harm if the order is not entered. Land Use Law and Practice, Fuller, § 41.2 p. 673.
The plaintiffs claim that the Board erred in its findings. The errors alleged by the plaintiffs involve whether or not Ciraldo's proposed operation is in fact a restaurant and thus a permitted use in the zone, the Board's interpretation of the parking requirements, whether the use violates Norwalk's non-conforming use provisions, whether the open space requirements were complied with, and whether site plan review was required. The plaintiffs also claim their due process rights were violated by the denial of their right to cross-examine Ciraido's lawyer on the proposed menu to be used. After hearing the testimony and after careful review of the parties' briefs and of the zoning regulations, the court cannot conclude, on the incomplete record provided, that the plaintiff has proven a reasonable probability of success on the merits of the appeal. The Board's decision turns on its interpretation of its own regulations.
"An administrative agency such as the board in the instant case is called on to determine the applicability of the law to a given state of facts presented to it. The trial court [has] to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. [n applying the law to the facts of the particular case, the board is endowed with a liberal discretion, and its action is subject to review by the court only to determine whether it was unreasonable, arbitrary or illegal."(Citations omitted; internal quotation marks omitted). Miniter v. Zoning Board of Appeals,20 Conn. App. 302, 308, 566 A.2d 997 (1989). The plaintiff here must demonstrate that the Board probably interpreted its own regulations incorrectly, and abused its discretion in applying them to the facts, or acted unreasonably, arbitrarily or illegally in doing so. This the plaintiffs have not done, and CT Page 12271 thus have not proven a probability of success on the merits of the appeal. "Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local board as long as honest judgement has been reasonably and fairly exercised after a full hearing." Molic v. Zoning Board ofAppeals, 18 Conn. App. 159, 164, 556 So.2d 1049 (1989). Whether or not the plaintiff will in fact succeed on the merits after a full court hearing on the complete record remains to be seen, and is for another day.
Even if the plaintiffs had proven a probability of success on the merits of the appeal, the second element of the plaintiffs' case is dispositive of this application. The plaintiffs are required to prove that if the court does not issue the requested restraining order, they will suffer irreparable harm. "Where an injury is of such a nature that it cannot be adequately compensated in damages or cannot be measured by any pecuniary standard, it is irreparable." Connecticut Association of ClinicalLaboratories, et al v. Connecticut Blue Cross, Inc.,31 Conn. Sup. 110, 113-114, 324 A.2d 288 (1973). The plaintiffs have focused on the anticipated parking problems if the restraining order is not granted, pointing to the history of such problems at the former location of the Zebra Club. The plaintiffs also testified of their concerns about litter, noise and crime. It is clear that the plaintiffs' case is based upon the prior operation of Ciraldo's business on North Avenue and their fears concerning the impact such an operation would have in their neighborhood. If the business was a burden on the prior neighborhood, the plaintiffs argue, it is likely to be a problem in its new location. The plaintiffs point to the number of parking spaces provided on the subject site. They say that the 20 spaces in the prior location wasn't adequate, and therefore the 30 spaces provided for the new building, which is larger than the old, will be woefully inadequate. They also expect that there will be noise, litter and crime as before.
"The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court, and the justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one founded on the imminence of substantial and irreparable injury."Karls v. Alexandra Realty Corp. , 179 Conn. 390, 401, 426 A.2d 784
(1980). The injury must be imminent and substantial. It has not been demonstrated just how problematic the parking situation would be in the new location. Showing what the plaintiffs claim CT Page 12272 to be a serious problem at the old location does not equate to proof that the parking problems on Main Avenue, if any, will be "substantial". The Norwalk Chief of Police testified that his department would be able to enforce parking regulations at the new site. The plaintiff neighbors, of course, rightly fear what the operation of this business portends, but "[i]njunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it . . . and likewise, the power of equity to grant such relief may be exercised only under demanding circumstances. . . . The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." (Citations omitted). Karls v. Alexandra Realty Corp. , supra, 179 Conn. 402. The plaintiffs' fears and apprehensions here do not rise to the level of proving a substantial probability of imminent and substantial injury such as to demand the issuance of a restraining order.
The court reemphasizes that no final determination has been made herein as to the merits of the plaintiffs' appeal, and cautions the defendant Ciraldo that he proceeds at his peril if he elects to go forward with his project in reliance on the Board's decision.
The plaintiffs' application for a restraining order is denied.
So Ordered.
D'ANDREA, J.