HARRY K. BOARDSEN ET AL. *v.* ZONING BOARD OF
APPEALS OF THE GROTON LONG POINT
ASSOCIATION, INC.
(7916)

BORDEN, DALY and NORCOTT, Js.

Argued November 8, 1989—decision released January 9, 1990

*Jane W. Freeman,* for the appellants (plaintiffs).

*Peter M. O'Connor,* for the appellee (defendant zoning board of appeals).

*Jackson T. King, Jr.,* with whom, on the brief, was *Jeffrey R. Godley,* for the appellees (defendant Nancy J. Adam et al.).

PER CURIAM. The plaintiffs, Harry K. Boardsen and Nancy C. Boardsen, appeal from the judgment of the trial court dismissing their appeal challenging a decision of the named defendant, the zoning board of appeals of the Groton Long Point Association, Inc. (board).[1] The board had denied without prejudice the plaintiffs' appeal to it from the denial by the association zoning official of the plaintiffs' application for a zoning permit to construct a dwelling on the plaintiffs' rear lot.

Under the zoning regulations, the plaintiffs had the burden of providing notice of the hearing before the board to all owners of land located within 150 feet of the subject property. The plaintiffs mailed notice accompanied by certificates of mailing, rather than by certified mail as required by the regulations. At its meeting on December 11, 1987, because of the improper notice, the board denied the plaintiffs' application "without prejudice" to the plaintiffs' right to file

---

[1] The defendants are the board, Nancy J. Adam and Constance B. King. Adam and King own property abutting that of the plaintiffs that is the subject of this appeal.

a new application. The plaintiffs declined to refile their application, and instead appealed to the Superior Court. The court found that the merits of the plaintiffs' claim were not discussed at the December 11, 1987 meeting, and that it was reasonable for the board to deny the application without prejudice where the plaintiffs had failed to comply with the notice requirements. This appeal followed.

Although the plaintiffs assert multiple claims, they are all variants of one issue, namely, whether the trial court erred in concluding that the board acted properly in denying the plaintiffs' application without prejudice instead of rescheduling the hearing. The plaintiffs argue that they had a right to a rescheduled hearing, and that if the board had rescheduled the hearing, their application would have been entitled to review under the zoning regulations as they existed prior to certain amendments that became effective on June 15, 1987. We decline to address the merits of the plaintiffs' claims because they failed to secure an adequate appellate record for review.

All of the claims advanced by the plaintiffs require that we accept the existence of a key predicate fact, namely, that the plaintiffs filed a *completed* application for a zoning permit prior to June 15, 1987. The board disputes this fact, and it was not found by the trial court. In addition, the plaintiffs failed to move for an articulation in the trial court or in this court under Practice Book § 4051 or § 4061.

The factual background is as follows. On June 15, 1987, certain revisions to the zoning regulations took effect, which expanded the scope of the zoning regulations to cover lots that resulted from divisions, or socalled first cuts, as well as subdivisions.[2] As a result

[2] A subdivision is defined in General Statutes § 8-18 as "the division of a tract or parcel of land into three or more parts or lots made subsequent

of these changes, the plaintiffs' rear lot was not in compliance with the zoning regulations with respect to the construction of dwellings because it did not have the requisite street frontage. Thus, the plaintiffs sought to have their permit application reviewed under the regulations in effect prior to June 15, 1987, claiming that they were entitled to a permit under those regulations.[3]

Prior to June 15, 1987, the plaintiffs filed, and the zoning official received, an application for a zoning permit to be issued for their rear lot on East Shore Avenue in Groton Long Point. The plaintiffs claim in their brief that "[o]n the date of the filing of the Plaintiffs' Application for Zoning Permit, the Plaintiffs' rear lot (Parcel 2) fully complied with the GLPA zoning regulations." The board, however, submits in its recital of the facts that this was not established and, to the contrary, that the plaintiffs' application was not accepted as a complete application on that date by the zoning official because information required to determine compliance with the zoning regulations was not submitted as part of that application. The board further claims that the plaintiffs were informed on July 1, 1987, that their application was incomplete, that they completed the application during July, and that the zoning official received and accepted the application for a zoning permit on August 5, 1987. The board also claims that on September 2, 1987, the zoning official denied the

to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development . . . ." The plaintiffs' rear lot was the result of an earlier division of the plaintiffs' parcel into two lots.

[3] We note, however, that the zoning official in a letter to the plaintiffs, dated September 15, 1987, stated: "Your presentations have contended that your application would fall under the Zoning Regulations existing prior to the revisions effective 15 June 1987; however, the application fails to comply with the aforementioned Sections *even as they existed prior to 15 June.*" (Emphasis added.)

plaintiffs' application on the basis of the regulations that had become effective on June 15, 1987, and that notice of this denial was mailed to the plaintiffs on September 15, 1987.[4]

There is ample support in the record for questioning the "fact" asserted by the plaintiffs that their June filing was in compliance with the zoning regulations. The existence of this fact is critical for the resolution of this case, because if the plaintiffs did not file a completed application prior to the effective date of the amendment, they have no basis for arguing that they are entitled to have their application reviewed under the pre-June 15, 1987 zoning regulations, in a rescheduled hearing on their initial application, rather than in a new hearing on a new application.

This record is inadequate because the plaintiffs' assertion that they timely filed a completed application has not been adjudicated. Indeed, the weight of the record discounts their claim that a completed application was filed in June. In addition, the plaintiffs had an opportunity to file a reply brief in this court to counter the board's statement of facts, and they did not do so. We do not ordinarily remand a case to correct a deficiency that the appellant should have remedied. *Barnes* v.

---

[4] The letter to the plaintiffs by the zoning official dated September 15, 1987, corroborates the chronology of events put forth by the board in its statement of facts. His letter stated: "1 July—GLP Zoning Commission meeting . . . Zoning Official indicated that *application was incomplete and unacceptable without siting of the proposed dwelling on the lot (3.13.2.e) and without a Class A-2 survey (7.1.1.b).*

"5 August—GLP Zoning Commission meeting; Zoning Official indicated that *application was still incomplete and unacceptable without site plan and Class A-2 survey;* site plan submitted.

"30 August—Class A-2 survey delivered to my home, completing the application; *date of receipt of application.*

"2 September—Zoning Commission meeting; Zoning Official indicated Zoning Permit application *complete as of 30 August* . . . Zoning Commission voted 5-0-1 to advise Zoning Official that the Boardsen application does not comply with the Zoning Regulations." (Emphasis added.)

*Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983); *Dixon* v. *Trubisz,* 17 Conn. App. 216, 218, 551 A.2d 1259 (1988). We see no reason to depart from that policy in this case.

There is no error.