[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 23, 1991, L. Timothy Stroker applied to the Zoning Enforcement Officer (the ZEO) for a Certificate of Zoning Compliance to change the use of a private garage to a retail service occupation, i.e., equipment sales and service, and to erect a business sign on the premises known as 16 South Street, Morris. The property in question is owned by the plaintiff's mother, Marie Stroker, (a/k/a Marie Stroker Martin). It consists of 4.47, more or less, acres with a main house, guest house, antique shop and three-bay garage located in the center of Morris in the CA-20 zone. (Record, Items p. V). In a letter to the Planning Zoning Commission (the PZC), dated July 24, 1991 the plaintiff explained that his proposed use would consist of:
 . . . servicing lawn mowers and all types of power equipment . . . construction equipment, farm equipment, and any other machinery that does not categorize my shop as an auto repair business. I will also be offering consignment sales of equipment, and eventually become an authorized dealer of one or more of the above. (Record Item M)
The PZC advised the plaintiff
 . . . to comply with zoning by: applying for a site plan application, submitting a more defined and precise drawing of plans showing distances to road and adjoining properties, and file an application with wetlands. (Record Item N).
Pursuant to his attorney's letter of August 8, (Record Item O), the plaintiff submitted a sketch plan (Record Item V) which did not show the courses and distances of the lot lines or the setback or side yard distances of the garage. The letter requested that the ZEO "act upon the application without further delay." (Record Item O). The ZEO then sought the advice of town counsel which was summarized in a letter dated September 6. (Record Item R). The application required additional information about the lot lines, the location of the garage, its historical use and the nature of the proposed use.
On September 11, the ZEO denied the application for six (6) reasons summarized as follows (Record Item Q)
1. The application was incomplete for failure to include a certified plot plan as required by Morris Zoning Regulations (Record Item W), Section 72 "Application," paragraph 1 (page 90). CT Page 4366
2. The application was incomplete for failure to list the present and proposed uses of all buildings as required under Section 72, "Applications," paragraph 2 (page 90).
3. The proposed use of the garage as a repair facility did not satisfy the 50-foot front yard or the 20-foot side yard requirements of the CA-20 zone under Section 31, "Setbacks," paragraphs 1 2 (page 38). The historical use of the building as a garage accessory to a private dwelling did not entitle the owner to change the use to a public garage or equipment repair shop in that location on the property, particularly where a potential for fire hazard would be created.
4. A "retail business or retail service occupation" is a permitted use in the CA-20 zone under Section 31, Permitted Uses, "paragraph 4 (page 37), but does not include the selling and servicing of farm contractors or off road motor vehicles which are allowed only in the more intensive CB-20 zone under Section 323, "Permitted Uses," paragraph 8 (page 39).
5. The proposed sign did not meet the setback requirements of Section 62, "Commercial Districts," paragraph a. (page 75).
6. The application did not provide any information which could be used to determine if the detailed requirements of Section 67, "Groundwater Protection" (pages 85-88) were, or would be, satisfied. Nor was any evidence submitted as to Torrington Area Health District approval of the floor drains. Section 67, paragraph h. (page 87).
7. A cease and desist order would be issued within 15 days if the plaintiff did not cease all activities for which a certificate of compliance had not been issued.
The plaintiff elected to appeal the ZEO's decision to the defendant Zoning Board of Appeals, (the ZBA), rather than submitting a revised application which eliminated the non-permitted activities and the sign, and supplied the missing information. The plaintiff continued to maintain that a plot plan was not required. (Record Item K, paragraph 1). Furthermore, in his appeal to the ZBA, the plaintiff attempted to provide some of the information not supplied on his application to the ZEO. (Record Item K, paragraphs 2 and 6). Finally, the plaintiff contended that all of his proposed uses were permitted uses in the CA-20 zone, which he was entitled to conduct in the non-conforming structure, and that CT Page 4367 his sign was legally non-conforming. (Record Item K, paragraphs 3, 4 and 5).
A public hearing was duly noticed (Record Item L) and held on October 29, November 12 and November 19 1991. The transcript reflects that there was considerable testimony from the plaintiff, the ZEO, officers of the Morris Historical Society, the abutting owner to the east, and the Fire Marshall. All of the reasons for the ZEO's decision were thoroughly discussed.
On November 26, the ZBA voted unanimously to uphold the ZEO's decision for essentially the same six reasons given by the ZEO in denying the Application for Certificate of Zoning Compliance. The notice of decision was published on December 3. (Record Items F and G). The plaintiff served this appeal on December 10.
 I
The plaintiff applied to the ZEO and appealed to the ZBA pursuant to General Statutes, Section 8-7 (Record Item K). The plaintiff also claimed at the hearing that he was a lessee of the property, but no lease was put into evidence or appears in the record. The plaintiff has brought this appeal, pursuant to General Statutes, Section 8-8, in his own name as a lessee of the property, relying on Smith v. Planning and Zoning Commission, 203 Conn. 317, 524 A.2d 1128
(1987) and Primerica v. Planning and Zoning Commission,211 Conn. 85, 93-4, 558 A.2d 646 (1989).
The defendant claims that the appeal should be dismissed for lack of proof of aggrievement before the board. As stated in Hall v. Planning Commission, 181 Conn. 442 at 444.
 It is not necessary for one who claims to have been aggrieved by the action of a planning or zoning authority to establish his aggrievement before the board conducting the hearing. A person does not become aggrieved until the board has acted. Upon appeal, he must establish his aggrievement, and the court must decide whether he has sustained the burden of proving that fact. I.R. Stich Associates, Inc. v. Town Council, 155 Conn. 1, 3, 229 A.2d 545 (1967). Consequently, the Superior Court was not limited to the record before the planning commission on the issue of aggrievement.
The plaintiff has offered in evidence a lease of the CT Page 4368 property and accordingly is aggrieved. See Smith v. Planning Zoning Board, supra at 553. Since the application is for a use the plaintiff claims is permitted, the owner is not a necessary party.
 II
Where there is an appeal to the zoning board of appeals from a decision of the zoning enforcement officer under General Statutes Section 8-6 (1) and 8-7, the board acts administratively in a quasi-judicial capacity. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514, 264 A.2d 552
(1969); Thorne v. Zoning Board of Appeals, 156 Conn. 619,620, 238 A.2d 400 (1968). The board has the authority to interpret the zoning ordinance and to decide whether it applies in a given situation. Lawrence, supra at 515. The court decides whether the board correctly interpreted the regulations and applied them with reasonable discretion to the facts. Thorne supra at 620. The board's interpretation of the regulations is a question of law and hence is not binding on the court. Nevertheless "`in applying the law to the facts of a particular case, the board has liberal discretion, and its action is subject to review by the courts only to determine whether the board's decision was unreasonable, arbitrary or illegal."' Miniter v. Zoning Board of Appeals, 20 Conn. App. 302, 309, 566 A.2d 997
(1989). The court cannot substitute its discretion for the board's conclusion unless that decision was unreasonable. Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560-61,236 A.2d 96 (1967).
On factual issues material to the reasons for the board's actions, the credibility of the witnesses is within the province of the board. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49, 484 A.2d 483 (1984). Where there is conflicting evidence before the board, a court cannot substitute its judgment for that of the board. Horvath v. Zoning Board of Appeals, 163 Conn. 609,316 A.2d 418 (1972). Where the board gives several reasons for its decision, the court must sustain its decision even if only one of the stated reasons is sufficient. Torsiello, supra; Hoagland v. Zoning Board of Appeals, 1 Conn. App. 285, 290,471 A.2d 655 (1984). If the court finds error in the board's decision, it should do no more than reverse and remand the case for further proceedings unless there was but one conclusion which the board could have reached as a matter of law. Bogue v. Zoning Board of Appeals, 165 Conn. 749,345 A.2d 9 (1975).
III CT Page 4369
The ZBA unanimously affirmed the ZEO's decision after a two-evening public hearing testimony from the ZEO, the plaintiff, the Fire Marshall and officers of the Morris Historical Society, an abutter. The ZBA gave essentially the same six reasons for its decision as had been given by the ZEO.
A. INCOMPLETE APPLICATION: REASON NOS. 1 AND 5
"1. Application #WCB 245 is incomplete. The Plot Plan does not accurately show setback distances due to lack of a property line survey."
"5. The proposed sign does not meet the setback distances."
Morris Zoning Regulations, Section 72, "Applications," paragraph 1, (Record Item W) requires the applicant to submit:
". . . three (3) copies of a plan drawing or drawings, drawn to scale, and showing the following:
1. Area of the lot, and the dimensions and angles or bearing of all lot lines;
2. The height, dimensions, use, floor area, ground coverage and location of all buildings and other structures, whether existing or proposed;
5. The location, area and dimensions of any signs. . ."
The plaintiff's plot plan did not show the dimensions, angles or bearings of all lot lines, or the location of the garage by reference to the lot lines or any fixed monument. (Record Item V). This issue was raised repeatedly at the public hearing because of the proximity of the garage to the Historical Society's westerly property line conceded by the plaintiff to be 18 inches and to the Skilton southerly property line, conceded by the plaintiff to be on an angle, running from 1 foot to 5 feet. (Record, Item H, pages 7-8; Item I, pages 11-12, 17). The ZBA suggested several times that the plaintiff obtain a surveyed plot plan so that the board would not approve a use in a building which possibly encroached on a neighbor's property (Record, Item I, pages 13-16, 29), with even the plaintiff conceding that a plot plan was "definitely our prerogative." (Record, Item 1, page 16). CT Page 4370
Furthermore, the plaintiff failed to show the location of the sign, claiming it to be legally non-conforming (Record Item K). The plaintiff now concedes otherwise in his brief. (Plaintiff's Memorandum of Law, page 25).
It is clear from the Morris Zoning Regulations, Section 72, "Approval and Issuance," that the ZEO was under no obligation to approve the plaintiff's application until he determined "that all of the requirements of these Regulations have been met." (Record Item W). In the absence of a complete application, the ZBA was under no obligation to approve the plaintiff's application, nor should this court remand the matter to correct this deficiency. Boardsen v. Zoning Board of Appeals, 20 Conn. App. 462, 466, 568 A.2d 797
(1990).
B. NON-PERMITTED USES. REASON NOS. 2 AND 4
"2. The application does not list the present and proposed use of all buildings as specified in Section 72 of the Zoning Regulations."
"4. Certain of the services requested in the Application are not permitted in the CA-20 Zone."
The plaintiff's application did not clearly state the proposed use of the garage other than "retail service occupation-equipment sales service." (Record Item P). The plaintiff then listed several specific uses in a letter to the PZC. (Record Item M). A number of those uses, i.e., "farm and contractors equipment sales and service," are allowed only in the more intensive CB-20 zone not in the CA-20 zone. Nevertheless, the plaintiff maintained a right to do all these activities on his appeal form to the ZBA and in his counsel's letter to the ZEO. (Record Item K, paragraphs 2 and 4; Item O, page 2).
At the hearing, the plaintiff conceded that he did not have the right to sell and service farm and construction equipment. (Record Item H, pages 16-17, 20 3; Item I, pages21-23). Therefore, the ZEO was correct in denying the plaintiff's application as submitted and was equally correct in asking the plaintiff to clearly define his proposed use of the property. Certainly, the ZBA was under no obligation to rewrite the plaintiff's application in the course of an appeal, especially where, until the night of the hearing, the plaintiff had elected to stand on his pleadings. As stated in an early Supreme Court decision involving an appeal to a CT Page 4371 zoning board of appeals.
 The board was under no duty to grant a rehearing on the original appeal, nor was it bound to make suggestions to appellants as to how their plans should be changed, or to grant the permit on the condition that they be changed. Piccolo v. West Haven 120 Conn. 449, 454, 181 A. 615 (1935).
For the reasons stated, the appeal is dismissed.
PICKETT, J.