[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPEAL FROM THE WESTBROOK ZONING BOARD OF APPEALS
I. NATURE OF THE PROCEEDINGS
This is an appeal from the decision of the defendant, CT Page 6935 Westbrook Zoning Board of Appeals (hereinafter "Board") filed by the plaintiff, Devon Gronholm, owner of property known as 13 Blue Gill Lane, Westbrook, Connecticut, granting a variance to the defendant, Mary Ann E. Sczapa of 21 Blue Gill Lane varying the front yard requirements from 40 feet to 28 feet to permit the construction of a second story addition.
II. FACTS
The following facts are alleged in the plaintiff's appeal. On or about September 23, 1992, the Board denied an application for a variance filed by Sczapa to vary the front yard requirements in said district from 40 feet to 28 feet to permit the construction of a second story. Sczapa's property abuts the plaintiff's property and is located in a rural district.
Subsequently an identical variance application was filed with the Board (#9221). (Return of Record [ROR], Item 7). The specific hardship provided by Sczapa in her variance application stated that "[h]ouse is to small. My family is growing. Need more living space. Only 1 bathroom with 4 people." (ROR, Item 7). These were the same reasons stated in her September 23, 1992, application. A public hearing was held on the application on October 28, 1992, at which time the plaintiff appeared and opposed the application. The application was approved by the Board on October 28, 1992, providing a variance to Westbrook Zoning Regulations Sec. 4.03.06(a), and a legal notice was published on or about November 7, 1992. (ROR, Item 5). In its decision, the Board found that "expansion upwards would have the least impact on the neighbors." (ROR, Item 5). The Board further found that "sufficient hardship had been demonstrated to warrant the variance." (ROR, Item 5).
Westbrook Zoning Regulations Sec. 4.03.06(a) provides for a 40 foot front yard minimum setback requirement in a Rural Residential District. (ROR, Item 10).
On November 12, 1992, the plaintiff filed the present appeal. The plaintiff alleges that the Board acted illegally, arbitrarily and in abuse of discretion in the following respects: no "unusual hardship" existed, any hardship that existed was personal in nature, legal notices were inadequate, CT Page 6936 the defendant's application was incomplete, the Board improperly reversed its earlier application on the same decision, the granting of the variance expands a non-conforming building, one or more members of the Board participated improperly and the Board failed to describe specifically the actual hardship upon which it based its decision.
II. DISCUSSION
A. Aggrievement:
General Statutes Sec. 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . ." General Statutes Sec. 8-8(a)(1) provides that an aggrieved person, for purposes of General Statutes Sec. 8-8(b), "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
The plaintiff testified at the hearing before this court that he has been at all relevant times and continues to be the owner of a parcel of land which abuts the subject property. Accordingly, it is found that the plaintiff is statutorily aggrieved.
B. Timeliness:
General Statutes Sec. 8-8(b) requires that an appeal of a decision of a board "shall be commenced by service of process [on the chairman or clerk of the zoning board of appeals and the clerk of the municipality] within fifteen days from the date that the notice of the decision was published. . ." See General Statutes Sec. 8-8(a)(2), 8-8(e) and 8-8(f).
The Board published notice of the decision in the Pictorial Gazette on November 7, 1992. In accordance with General Statutes Sec. 8-8(e) the plaintiff caused process to be served upon the Chairman of the Westbrook Zoning Board of Appeals, John L. Hall, III, on the Clerk of the Town of Westbrook, Johanna Schneider, and upon the named defendant Mary Ann E. Sczapa, on November 13, 1992. Accordingly, it is found that the appeal is timely.
C. Standard and Scope of Review: CT Page 6937
A trial court is not at liberty to substitute its judgment for that of a local authority which is acting within its legislative powers. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). In such circumstances the court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., supra, 573; Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470, 442 A.2d 65 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989); Burnham v. Planning and Zoning Commission, 189 Conn. 261,265, 455 A.2d 539 (1983).
The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission of Simsbury, 173 Conn. 23, 26,376 A.2d 385 (1977). Where the zoning authority has stated the reason for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning and Zoning Commission,159 Conn. 534, 541, 271 A.2d 105 (1970).
D. Variance:
A zoning board of appeals has the power to grant a variance. General Statutes Sec. 8-6(3). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229 (1991). A variance should be granted sparingly and only in circumstances where the specified requirements are fully complied with. Kaeser, supra, 445; Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 271,588 A.2d 1372 (1991). "A variance should not be used to accomplish what is in effect a substantial change in the uses permitted in a [certain] zone." Id.
Two basic conditions must be satisfied in order for a variance to be granted: (1) the variance shown is not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson CT Page 6938 v. Zoning Board of Appeals, 205 Conn. 703, 709, 535 A.2d 799
(1988); Pollard v. Zoning Board of Appeals, 186, Conn. 32, 38-39, 438 A.2d 1186 (1982); Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655, 427 A.2d 1346 (1980); Archambault v. Wadlow, 25 Conn. App. 375, 594 A.2d 1015
(1991); Spencer v. Zoning Board of Appeals, 15 Conn. App. 387,389, 544 A.2d 676 (1988).
 "A variance may be granted if the literal enforcement of a regulation causes exception difficulty or hardship because of some unusual characteristic of the property. General Statutes Sec. 8-6 (3); Belknap v. Zoning Board of Appeals, 155 Conn. 380, 383, 232 A.2d 922 (1967). To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. See Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658, 427 A.2d 1346 (1980); Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 238, 303 A.2d 743 (1972)."
Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636,596 A.2d 1 (1991). It is well settled that the hardship must be in the same zoning district. Pollard, supra, 39; Kaeser, supra, 445.
In granting a variance, the zoning board of appeals is presumed to have acted fairly and for valid reasons. Burlington v. Jencik, 168 Conn. 506, 508-09, 362 A.2d 1338
(1975). Failure to publish the decision to grant a variance within the statutorily mandated time period renders the grant invalid. Hyatt v. Zoning Board of Appeals, 163 Conn. 379,387-88, 311 A.2d 77 (1972).
 1. The Board acted illegally, arbitrarily, and in abuse of discretion in granting the variance because the applicant failed to establish a hardship.
The plaintiff argues that a variance should only be CT Page 6939 granted where it does not affect the comprehensive zoning plan and where adherence to the zoning ordinance is shown to cause an unusual hardship different from that generally affecting properties in the same district. The plaintiff argues that the granting of the variance affects the Westbrook comprehensive zoning plan because it would allow a 28 foot setback in a zoning district that requires a 40 foot setback. Moreover, the plaintiff argues that the applicant failed to carry the burden of proving a hardship. The plaintiff argues that a variance should only be granted when exceptional circumstances affecting a particular parcel would cause the enforcement of regulations an unusual hardship. The plaintiff argues that no special condition affects the parcel alleged, but rather the applicant only asserted a personal hardship associated with the house being too small and her family too big. The plaintiff argues that this does not entitle the applicant to a variance.
The plaintiff argues that the hardship in this case is not the size of the applicant's family but rather the location of the house on the lot and its non-conforming use status as a result of the imposition of zoning regulations after its construction. The defendant argues that had the house been located twelve feet further back on the lot at the time of its construction, prior to the imposition of the zoning regulations in question, the defendant would not have required a variance at all. The defendant argues that a hardship exists because the setback requirement was imposed after the house was constructed.
The defendant relies primarily upon the Appellate Court's decision in Stillman v. Zoning Board of Appeals, supra. In Stillman, the Board granted a variance of coverage and side yard setback regulations in order to allow the applicant to build an addition onto her house. The superior court sustained the appeal of the plaintiff, an adjoining landowner. The Appellate Court reversed, agreeing with the defendants "that a hardship exists on Morgan's [applicant] property because of the location of the well and the septic system, and because of the size of the lot. The placement of these improvements prevents Morgan from building an addition to her house anywhere except on the east side, which is prohibited by the setback requirement. These unique conditions make the setback regulation exceptionally burdensome and support the board's granting of the variance." Id., CT Page 6940 636-37.
In this court's opinion, the Board improperly granted the variance to Sczapa. A variance may only be granted where the literal enforcement of a regulation causes exception difficulty or hardship because of some unusual characteristic of the property. Stillman, supra, 636. The applicant's alleged hardship was the size of her house, a growing family and the added argument that the setback requirements were imposed after her house was constructed. To the extent the applicant claimed a hardship because her house is too small for a growing family, such a personal hardship is insufficient to grant a variance.
A variance is granted with respect to a particular piece of property. Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239, 303 A.2d 743 (1972). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of variance" B. I. B. Associates v. zoning Board of Appeals, 163 Conn. 615, 616, 316 A.2d 414 (1972). Any hardship that exists must run with the property, and not with the given owner at the time. The size of one's family is a hardship which runs with the owner and therefore cannot be grounds for granting a variance.
As to the defendant's argument that the applicant's hardship arises out of the imposition of the setback requirement after the construction of the home, it is determined that such an argument does not give rise to a hardship in this particular case. The present action is distinguishable from Stillman. In Stillman, the court found a hardship existed because of the location of a well and septic system, and because of the size of the lot. The court found that the placement of these improvements prevented the applicant from building an addition to her house anywhere except where it was prohibited by the setback requirement.
Unlike the Stillman case, in the present case no such obstructions have been alleged that would prevent the applicant from constructing the second floor addition in an area other than within the 40 foot setback in the front of the house. The defendant argues that although the addition could be built without violating the 40 foot frontage setback, such an addition would not be in harmony with the CT Page 6941 immediate area. Whether or not such an addition is in harmony with the immediate area is of no concern to this court for the purpose of determining if the Board properly granted a variance. The court's only role for the purpose of this appeal is to determine if the necessary criteria were met to establish grounds for the variance. One of the criteria necessary is a showing that adherence to the strict letter of the zoning regulations would cause an unusual hardship. Having determined that no such hardship was established, the appeal should be granted and the Board's decision reversed.
 II. The Board acted illegally by its failure to describe specifically the exceptional difficulty or unusual hardship on which its decision was based.
The plaintiff contends that the Board's decision fails to specify the unusual hardship that exists pursuant to General Statutes Sec. 8-7. In addition, the plaintiff aruges [argues] that the Board failed to state the special circumstances or conditions which resulted in an unusual hardship as required by Sec. 12.22.01 of the Westbrook Zoning Regulations. By ignoring the requirements of both General Statutes Sec. 8-7
and Sec. 12.22.01 of the Westbrook Zoning Regulations, the plaintiff argues that the variance was not properly granted.
The defendant argues that according to Connecticut case law, the trial court should search the record to determine the basis for decisions made by the Board. The defendant argues that if any reason is found in the record, the Board's decision should be upheld.
The stated reason in the Board's decision to grant Sczapa's variance was that "[t]he members felt expansion upwards would have the least impact on the neighbors. The members felt sufficient hardship had been demonstrated to warrant the variance." (ROR, Item #5). After a thorough search of the entire record, no other reasons were given by the Board in determining that a hardship existed.
General Statutes Sec. 8-7 provides in part that whenever a zoning board of appeals grants a variance it shall "describe specifically the exceptional difficulty or unusual hardship on which its decision is based." CT Page 6942
Sec. 12.22.01(a) of the Westbrook Zoning Regulations provide that no variance shall be granted unless "there are special circumstances or conditions applying to the land or structure for which a variance is sought, which are peculiar to such land or structures in the neighborhood, or in the district at large, and have not resulted from any act subsequent to the adoption of these Regulations whether in violation of the provision hereof or no." Sec. 12.22.01(b) of the Westbrook Zoning Regulations provides "that the aforesaid circumstances or conditions are such that the literal enforcement or strict application of the Regulations would result in exceptional difficulty or unusual hardship."
The reasons provided by the Board for granting Sczapa's variance do not satisfy the requirements of either General Statutes Sec. 8-7 or Sec. 12.22.01 of the Westbrook Zoning Regulations. The only reason provided by the Board was that expansion upward would have the least impact on the neighbors. This cannot be considered an unusual hardship created by adherence to the strict letter of the zoning regulations. Rather, this reason addresses the neighbor's concerns with the addition and in no way does it suggest a valid reason for the granting of the variance.
In searching the record for a basis of the decision it again appears that the only hardship put forth by the applicant was the size of her home was too small for a growing family. At the October 28, 1992, public hearing, Sczapa states that she is requesting a variance because:
 There are four people living in my home and its extremely small. I have one bathroom which is a 5 x 7 and four people sharing it and if any of you on the board have a teenage daughter you should know what that's like getting out of the house in the morning.
(ROR, Item #6, pp. 1-2). As sympathetic as a Board may have been with Sczapa's plight, her personal problems were not a sufficient ground for the granting of the variance. After searching the record, this court is unable to find a sufficient articulation of any existing hardship upon which the Board could have based its decision. CT Page 6943
Therefore, it is found that the Board failed to describe specifically the unusual hardship on which its decision was based and the appeal should be granted.
 III. The Board acted illegally, arbitrarily in denying the application on September 23, 1992, and the granting the exact same application on October 28, 1992, without a showing of a change in circumstances.
The plaintiff argues that the Board granted the exact same application for a variance which it denied on September 23, 1992. The plaintiff argues that nowhere in the record is there any indication of a change in circumstances in the intervening month. The plaintiff claims that the decision to grant the variance cannot stand because there was no change in the facts and circumstances between the time the original application was denied and the granting of the identical subsequent application.
The defendant argues that General Statutes Sec. 8-6
allows an application to be reheard within six months after a decision by a Board. The defendant argues that the Board was justified in rehearing the application because of the procedural problem with the first hearing. Moreover, the defendant argues that Sczapa's original application was not denied. The defendant claims that the board voted three to one to grant the variance, but that because four affirmative votes are required the variance was not granted.
The established law in Connecticut "`prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened. St. Patrick's Church Corporation v. Daniels, 113 Conn. 132, 140, 154 A. 343; see also Mynyk v. Board of Zoning Appeals, 151 Conn. 34, 37,193 A.2d 519, and cases cited.' Consiglio v. Board of Zoning Appeals, 153 Conn. 433, 438, 217 A.2d 64." Laurel Beach Association v. Zoning Board of Appeals, 166 Conn. 385, 387,349 A.2d 834 (1974).
In this court's opinion, the Board improperly reheard Sczapa's application. The Board stated that it reheard CT Page 6944 the application because Sczapa "might have gotten an unfair shake" from the Board because the Board may have "omitted some information at the first hearing." (ROR, Item #6, p. 1). However, as stated in Laurel Beach, the Board was prohibited from reversing its decision unless there was a showing that the facts and circumstances have changed so as to materially affect the reasons supporting the original decision. No such changes were indicated by either Sczapa or the Board in its decision to rehear and reverse the original decision. It is decided that the Board's stated reason for rehearing the application, the allegation that some information from the first meeting may have been omitted, does not represent change in facts in circumstances supporting the original decision.
The defendant relies on McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251, 217 A.2d 229 (1966), for the proposition that the omission of some information at the first hearing constituted a procedural defect which allowed the Board to rehear the application is misplaced. In McGavin the court found that where a prior decision was not valid because of improper notice, a Board may make a second decision. No such allegation has been asserted in the present action. The Board merely stated that it may have "omitted some information" at the first hearing and that Sczapa may have gotten an "unfair shake." There was no procedural defects indicated that would have invalidated the prior decision as in McGavin. Therefore, it is found that the reversal of the decision was improper.
This court disagrees with the defendant's claim that the Board did not deny the application. General Statutes Sec. 8-7 provides that a "concurring vote of four members of the zoning board of appeals shall be necessary to . . . vary the application of the zoning bylaw, ordinance, rule or regulation." In Sczapa's original application heard on September 23, 1992, the Board voted with three votes in favor and one against. (ROR, Item #6). Such a vote amounted to a denial of the Sczapa's application because in order to grant a variance four members of the Board needed to vote in favor of the variance. In fact, the decision itself states that the "variance request is DENIED due to a lack of 4 favorable votes." (Supplemental ROR, Item #5) (Emphasis in original). The failure to obtain the four votes necessary constituted a denial of the application. Therefore, the Board's subsequent CT Page 6945 decision to grant the variance was a reversal of the decision and, absent a showing of a change in circumstances, it was improperly reversed. Accordingly, the appeal also may be granted on this ground.
 IV. The Board acted illegally in accepting and deciding an application which failed to comply with the zoning regulations with respect to form and content.
The plaintiff argues that the Board acted illegally because Sczapa's application failed to comply with Sec. 12.21.01 of the Westbrook Zoning Regulations. The plaintiff claims that Sec. 12.21.01 of the Westbrook Zoning Regulations requires a variance application to include specified plans prepared by a professional engineer, a Class D boundary survey, a location map, and drawings of all proposed additions, among other requirements. The plaintiff argues that Sczapa's application failed to comply with these requirements and the Board therefore should have rejected the application.
The defendant claims that Sec. 12.21.01 of the Westbrook Zoning Regulations allow the Board to consider an application without certain plans. The defendant argues that a review of the record should reveal that the Board carefully reviewed the plans submitted. The defendant argues that the Board recognized that since there was no expansion horizontally towards either neighbor or towards the road, there was no requirement of a certified survey to ensure the location of the boundary line.
Sec. 12.21.01 of the Westbrook Zoning Regulations provides in that "[a]ll applications shall include the following requirements, except as may be waived, in whole or in part, by the Zoning Board of Appeals: . . ." Included in the items required by the Board are specified plans prepared by a professional engineer, a Class D boundary survey, a location map, and drawings of all proposed additions, among other requirements. After a review of the record there is no indication that the Board waived those requirements. There is no merit to the defendant's argument that because the application involved no horizontal or lateral expansion towards a neighbor or road it did not have to comply with Sec. 12.21.01. Sec. 12.21.01 of the Westbrook Zoning Regulations includes the language that "all applications shall" include CT Page 6946 the requirements stated above. No where does the language of Sec. 12.21.01 exempt from the requirements an application which involves no horizontal or lateral expansion towards a neighbor or road. It is found that because the filing of a complete application was a mandatory requirement of the Westbrook Zoning Regulations, and no waiver was present on the record, the Board improperly considered Sczapa's application. Boardsen v. Zoning Board of Appeals, 20 Conn. App. 462, 464,568 A.2d 797 (1990). Accordingly, the plaintiff's appeal should be granted on this ground as well.
CONCLUSION
For the reasons hereinstated, it is concluded that the defendant Board acted illegally, arbitrarily and in abuse of its discretion by granting the variance in the absence of a showing of a hardship, by failing to describe specifically the hardship, by reversing a prior decision without a substantial change in circumstances and by considering an application which did not comply with its own regulations.
Zoning laws and regulations are designed to ensure compliance with standards set forth in each of them. The Board's decision to grant a variance on the basis of Sczapa's application was clearly contrary to the provisions of both the statutory requirements and the local zoning regulations. The Board's failure to adhere to such standards was inexcusable. The decision by the Board to grant a variance in this particular case undermined the general principle that a variance should be granted sparingly and in circumstances where specific requirements are fully complied with. Kaeser, supra, 445.
Accordingly, this court sustains the plaintiff's appeal and reverses the decision of the Board.
It is so ordered.
ARENA, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 6947