JOHN MYNYK ET AL. *v.* BOARD OF ZONING APPEALS OF THE TOWN OF STRATFORD ET AL.

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 5—decided July 18, 1963

*E. Francis Riccio,* with whom, on the brief, was *George W. Ganim,* for the appellant (defendant Ganim); with him also, on the brief, was *Raymond B. Rubens,* for the appellant (named defendant).

*Robert N. Hunziker,* for the appellees (plaintiffs).

COMLEY, J. On November 28, 1960, the defendant Raymond W. Ganim made application, under General Statutes § 14-321, to the Stratford board of zoning appeals for a certificate of approval of the location of a gasoline station on property owned by him at the corner of Success Avenue and Pearl Harbor Street. A public hearing was held on Janu-

ary 3, 1961, at which Ganim appeared in his own behalf. Several owners of property in the neighboring area opposed the application in person. One group of forty-nine submitted a written objection and was represented by counsel.

The discussion at the hearing was concerned largely with the effect of the proposed station on traffic. Following the hearing, the board voted to deny the application, and Ganim was so notified on the following day. On January 9, 1961, Ganim inquired by letter whether the board would "consider the reopening of the . . . matter for presentation of additional evidence at your next scheduled meeting." The secretary of the board replied that "any new or additional evidence that you have in this matter should be submitted to . . . [the board] in writing" and that the board would decide at its next executive session "whether . . . [it] will reopen and/or rehear this matter." On January 18, 1961, Ganim wrote to the board again, requesting that the case might be reopened for the purpose of submitting written statements from the chiefs of the fire and police departments to the effect that the station would not constitute a fire or traffic hazard. It does not appear that the board acknowledged this request. On February 1, 1961, Ganim took an appeal to the Court of Common Pleas from the denial of his application.

On February 23, 1961, while the appeal was pending, Ganim made another application to the board of zoning appeals for a certificate of approval. It was, in form, a new application. No mention was made of a rehearing or the reopening of an earlier order. The application recited that a previous petition had been presented "for this approval." It was accompanied by a new filing fee.

A hearing was held on the second application on the evening of April 4, 1961. At some time on that day, Ganim withdrew his appeal to the Court of Common Pleas from the denial of his first application. At the conclusion of the hearing, which, again, was devoted largely to a discussion of traffic conditions, the matter was "tabled for further consideration." On June 7, 1961, Ganim was notified that his application had been granted by the board at a meeting held on the preceding day. The approval was subject to certain conditions relating to fencing, curbing and the construction of a traffic island.

The three plaintiffs, each of whom owns property in the area, appealed to the Court of Common Pleas from the order granting Ganim's application. From the judgment of that court sustaining the appeal, Ganim now brings the matter before us.

The trial court based its decision on the proposition that the board could not properly reverse its first decision, since it did not appear that there had been a change in conditions or that other considerations materially affecting the merits of the subject matter had intervened and no vested rights had arisen. This principle has been repeatedly recognized as the law of this state. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 138, 154 A. 343; *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 22, 20 A.2d 412; *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 711, 68 A.2d 123; *Sipperley* v. *Board of Appeals on Zoning,* 140 Conn. 164, 167, 98 A.2d 907; *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 521, 162 A.2d 711; *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 705, 183 A.2d 603.

Ganim concedes, as he must, the force of these decisions, but he seeks to avoid their effect by

claiming that his second application was merely a request for a rehearing of his first application and that the second order made by the board was not a reversal of its first order but was, in essence, the final order passed at the end of a single, continuous proceeding. See *Dylag* v. *Brennan*, 128 Conn. 304, 22 A.2d 635. The record does not support this claim. It is true that, shortly after the first application was denied, Ganim requested a rehearing, but none was held. He then took the step which, more than any other, renders untenable his present claim. He filed his appeal to the Court of Common Pleas. Thus, he himself recognized that the proceeding on his application had been terminated by a final order from which an appeal would lie. No other order would have been appealable.

While the appeal was pending, Ganim filed his second application, which, in all respects, including the payment of a filing fee, is in the form of a new application. It was not until the day of the hearing on the second application that the appeal from the first order was withdrawn. At the hearing, no change of conditions or alteration of circumstances was shown. Each side merely took advantage of the opportunity thus afforded to offer further and more extensive evidence, all of which could have been produced at the first hearing. The trial court properly sustained the plaintiffs' appeal. The situation falls clearly within the language of *St. Patrick's Church Corporation* v. *Daniels*, supra, 137: "[I]t appears to be well established that a zoning board of appeals or adjustment should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members or due to

the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence."

There is no error.

In this opinion the other judges concurred.