SALVATORE CONSIGLIO ET AL. *v.* BOARD OF ZONING
APPEALS OF THE CITY OF NEW HAVEN ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 14, 1965—decided February 8, 1966

*Julius Maretz* and *David S. Korn,* with whom was
*Edward B. Fitzgerald,* for the appellants (defend-
ants George Howard Company et al.); with them,
on the brief, were *Thomas F. Keyes,* corporation

counsel, and *Joseph E. Bove,* assistant corporation counsel, for the appellant (defendant board).

*Howard F. Zoarski,* for the appellees (plaintiffs).

MURPHY, J. Three months after denying the applications of the defendant the Atlantic Refining Company for a special exception to permit the use of the property at 2 Brown Street in New Haven for a gasoline station and for a certificate of approval of that location for that purpose, the board of zoning appeals reversed itself and granted the second applications for the same special exception and location approval. The plaintiffs, owners of adjoining residential properties, appealed to the Court of Common Pleas, which found that the record before the board, supplemented by additional evidence submitted by the applicant, failed to disclose material changes in conditions justifying reversal of the former denial. From the judgment sustaining the appeal the defendants have appealed to this court.

The Atlantic Refining Company, hereinafter called Atlantic, is the owner of property at 99-107 Water Street at the corner of Brown Street. This property has been used for a gasoline station for many years. Adjoining it on the north at 2 Brown Street is a factory building owned by the defendant the George Howard Company, hereinafter called Howard. In September, 1963, Howard was in the process of moving its business of manufacturing fire doors, hardware and sheet metal products to another location. Atlantic was desirous of enlarging its station to include the adjoining Howard property and made arrangements to do so contingent upon favorable action on its applications. The

Howard property is in a light industrial zone, in which gasoline stations are permitted as special exceptions upon approval by the board of zoning appeals. New Haven Zoning Ordinance §§ 42 (M), 63 (D) (1963). In order to obtain a license to operate a gasoline station from the commissioner of motor vehicles, approval of the location by the local board of zoning appeals is required. General Statutes § 14-321. Hence, the need for the two separate applications in this case. As approval of the location would necessarily depend on the board's granting of the special exception, we shall review this matter in the light of the action on the special exception.

In August, 1963, Atlantic filed its first application, on which the board held a public hearing on September 10. After hearing Atlantic and its lessee in favor of the application and residents who live in the immediate neighborhood in opposition, the board denied the application. It was pointed out to the board that the area adjoining on the north as well as that across the street from the Howard property was residential; that a two-and-one-half-story apartment house is next door to the Howard property and about ten feet from the property line; that the gasoline station is open twenty-four hours a day; that most of its business is from trucks using Water Street, a main artery for truck traffic; and that the Howard factory was to be torn down and the space used for additional pumps and station operations. In denying the first application the board gave the reasons stated in the footnote.[1]

---

[1] "The Board was aware of the long established use of Water Street as a main artery for truck traffic and the need for service stations to accommodate this use. The Board also recognized the need for expansion in this area where the presence of the turn-

Howard was not represented at the September hearing. It sought a new hearing, and on November 15, 1963, Howard and Atlantic joined in submitting new applications. These were heard on December 10. Most of the arguments for and against the proposal were repetitious of those advanced in September. In addition, the applicants stressed the fact that, if the Howard factory remained standing, it might be leased for a permitted use which might be more obnoxious to the neighbors than the enlarged gasoline station. They also pointed out that the plans had been revised so that the lights would not shine beyond the station property and that a driveway from Brown Street had been relocated. The board's reasons for approving the second application appear in the footnote.[2]

pike (and shortly of Route 91) had increased the traffic exceedingly. However, the Board felt that in areas where a residential zone adjoined a business or industrial zone, it was prudent to provide a buffer area where possible. Such an area would protect and preserve the residential area more completely than fencing. Although screening, as specified in the Zoning Ordinance, provided a visual protection, odor and noise are not usually sufficiently eliminated. The Board was of the opinion that the noise and fumes from cars and trucks during a twenty-four hour period would create a nuisance to the adjoining residential area and therefore impair the present enjoyment and future development of this surrounding area. In this instance it would be a matter of preserving such a buffer area; the light industry building now in existence serves such a purpose. In addition it was felt that the resulting traffic pattern, if this expansion were allowed, would be detrimental to the convenience and welfare of the residents on Brown Street."

[2] "The Board felt that substantial changes in the plans existed which warranted a reconsideration of the application. These included: vacancy of the George Howard Co. building at 2 Brown Street, the replacement of the Brown Street driveway 40 ft. from the residence at 6 Brown Street, a change in the lighting plan to orient all rays within the property, and extensive fencing and landscaping along the northern property line.

"The Board felt that the proposed extension was in accord with the public convenience and welfare, since it would allow trucks

In the trial court, the applicants were permitted to present additional evidence to permit the equitable disposition of the appeal. General Statutes § 8-8. An official of Howard testified that Howard had started to move its operation from Brown Street about September 1, 1963, but that its building was not completely vacated on the date of the second hearing.

We agree with the trial court that there was no significant or material changes in conditions between the dates of the two hearings. The alterations in the plans for the lighting and the driveway could have been required by the board at the first hearing as conditions precedent to the granting of a special exception. New Haven Zoning Ordinance § 63 (D) (5) (1963). The impending vacancy of the Howard factory was considered in September, and

which now obstruct the street to be serviced completely within the station, which would improve traffic patterns and the immediately adjacent properties would be visually screened by a fence and landscaping. The Board further felt that this extension would not conflict with any places of public gathering and that it was in conformance to all standards of the Zoning Ordinance and the comprehensive plan of the City, since this area is an IL district and adjacent to the Connecticut Turnpike and a local truck route.

"The Board was of the opinion that the vacancy of the industrial building at 2 Brown Street created an entirely different situation, since a new tenant could operate a day-night business or any other type of activity incompatible with residential uses, thereby eliminating the existence of this building as a buffer area between commercial and residential zones. The Board also felt that the replacement of the driveway on Brown Street served to significantly decrease the effect of the service station traffic on the adjacent Brown Street residences.

"These significant new facts, combined with the previously recorded position of this Board as to the long established use of Water Street as a main artery for truck traffic and the resultant need for service stations, the need of this service station to expand, and the IL zoning classification of the property sought for expansion, would, the Board felt, establish a more orderly operation that would be in accord with the public convenience and welfare."

its character as a buffer did not depend on the type of permitted use in that zone to which it might be put. That the enlarged station would permit better on-premises service of trucks and that there was an increase in truck traffic generated by the Connecticut Turnpike and an expected increase from interstate route 91 were matters considered by the board in September. The claim of the defendants that the second application and the revised plans, under the rule in *Mitchell Land Co. v. Planning & Zoning Board of Appeals,* 140 Conn. 527, 102 A.2d 316, meet and overcome the reasons for which the first application was denied has no material substance, as a comparison of the reasons given by the board will readily demonstrate. The demolition of the Howard factory will destroy the buffer on which the board laid great stress in September, when it pointed out that fencing and screening do not sufficiently eliminate noise and odor. Screening by a fence and landscaping may improve the visual picture, but they do not take care of the noise and odor problem, which would be moved closer to the adjoining apartment house by the removal of the buffer. The station, enlarged so that more trucks could be serviced in closer proximity to the adjoining apartment house throughout the day and the night, would be a much greater nuisance to the residents of the neighboring properties.

The case comes clearly within the established law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened. *St. Patrick's Church Corporation* v. *Daniels,* 113

Conn. 132, 140, 154 A. 343; see also *Mynyk* v. *Board of Zoning Appeals,* 151 Conn. 34, 37, 193 A.2d 519, and cased cited.

There is no error.

In this opinion the other judges concurred.