THE LAUREL BEACH ASSOCIATION ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 2—decision released May 21, 1974

*Robert L. Berchem,* with whom, on the brief, was *Harvey P. Berman,* for the appellants (defendant Andrew Plaskon et al.).

*Cleaveland J. Rice, Jr.,* with whom was *William P. Simon,* for the appellees (plaintiffs).

PER CURIAM. The defendants Andrew and Mary Plaskon are the owners of a parcel of land situated in the Laurel Beach Association area of Milford. Located on the parcel is an inn operated by the Plaskons known as Laurel Beach Inn. It accommodates over eighty resident guests during the summer season. Also situated on the property is a barn which has been used both for storage and for the housing of employees of the inn. The barn is situated in a B-2 zone which, under the Milford zoning regulations, is a central business zone in which "[n]o dwelling accommodating more than two families shall be permitted." The Plaskons desired to convert the barn into three apartments but the zoning enforcement officer refused them a permit to do so. They appealed to the defendant zoning board of appeals which, after a hearing on September 3, 1968, denied the request, stating as the reason: "No hardship shown. No practical difficulty shown."

Six days after this decision, on September 12, 1968, the Plaskons again sought permission to convert the barn into one two-bedroom apartment and two one-bedroom apartments, "one of which to be owner occupied." They predicated their application upon "Practical Difficulty or Unnecessary Hardship." The zoning enforcement officer again denied a permit, stating: "B-2 zone – regulations do not permit three family dwellings. Non-conforming." From this decision, the Plaskons again appealed to

the zoning board of appeals for a variance and that board this time sustained the appeal and granted the variance, stating as the reason for its decision, "Practical difficulty, best use of the property and will in no way change the character of the neighborhood." From this decision the Laurel Beach Association and several residents of the area appealed to the Court of Common Pleas, which sustained their appeal. From that judgment the Plaskons brought the present appeal to this court.

The appeal to this court presents no novel question of law or contested question of fact. The memorandum of decision of the trial court indicates that it sustained the appeal on two grounds. First, there was no material change in circumstances between the two hearings. "The case comes clearly within the established law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 140, 154 A. 343; see also *Mynyk* v. *Board of Zoning Appeals,* 151 Conn. 34, 37, 193 A.2d 519, and cases cited." *Consiglio* v. *Board of Zoning Appeals,* 153 Conn. 433, 438, 217 A.2d 64.

The court's second reason for sustaining the appeal was that the applicants failed to demonstrate the existence of any legal hardship which would justify the granting of a variance. Proof of economic advantage to the owners of the property is not proof of legal hardship which justifies the granting of a variance. *Shell Oil Co.* v. *Zoning*

*Board of Appeals,* 156 Conn. 66, 70, 238 A.2d 426. "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general impact which the regulation has on other properties in the zone." *Berlani* v. *Zoning Board of Appeals,* 160 Conn. 166, 170, 276 A. 2d 780.

For the reasons it stated, the trial court was correct in refusing to approve the action of the board in granting the variance.

There is no error.