[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the Defendant Zoning Board of Appeals of the Town of Groton (hereinafter referred to as the "Board"), in granting two variances of Section 5.2 Lot Yard and Building Requirements of the Groton Zoning Regulations with respect to property owned by the Defendant Richard L. Tourjee and located at 2421 Gold Star highway, Groton, Connecticut.
By application dated October 10, 1989, Defendant Richard L. Tourjee applied for a variance of the fifty-foot front yard requirement to allow an addition no closer than twenty-three feet from the front yard line on Gold Star Highway and a variance of the fifty-foot front yard requirement to allow an addition no closer than thirty-five feet from the front lot yard line on Packer Road. The purpose of the variances was to allow renovations of an existing building on the subject property to square off the front and rear and to increase the square footage by approximately 530 square feet. This application was identical with the application which was submitted in 1985 and granted by the Defendant Board (Application No. 1278).
The chronology of the various applications to the Board are herein set forth in order to achieve an appropriate overview as concerns the history of the subject premises and establish a proper perspective. CT Page 2481
 2421 GOLD STAR HIGHWAY ZONING BOARD OF APPEALS APPLICATIONS
Applicable Section of Application Zoning Regulations Date of ZBA and/or Description of No. Pub. Hrg. Decision Application Request
1016 10/10/79 Granted, begin Sec. 5.2; Addition to construc. w/n w/n 30 ft. of Packer Rd. 12 months
1278 04/10/85 Granted, begin Sec. 5.2; Addition to construc. w/n w/n 23 ft. of Gold Star 18 months Hwy. and to w/n 35 ft. of Packer Road
1348 06/25/86 Denied Sec. 5.13 8.94-1 (now 8.6-4(A)): Convert 2nd floor to 4 apts. and 1st floor to commercial use
1356 07/23/86 Granted, begin Sec. 8.94-1 (now construc. w/n 8.6-4(A)): Convert 2d 18 months floor to 2 apts. and 1st floor to commercial use
1368 10/08/86 Granted, extend Extend time limit on limit for 12 variance #1278 months
1426 10/14/87 Withdrawn Sec. 8.91-3 (now 8.6-1(C)): Convert 1st floor to 2 separate commercial spaces
1438 12/09/87 Denied Sec. 8.94-1 (now 8.6-4(A)) 5.2: 1st Convert 2nd floor to 2 apts. and 1st floor to commercial use and (2) addition to w/n 23 ft of Gold Star Hwy and to w/n 35 ft of Packer Road (renew variances #1278 and 1356)
88-37 06/22/88 Withdrawn Sec. 5.2: Addition to w/n 20 ft of Gold Star CT Page 2482 Hwy and to w/n 30 ft of Packer Road
88-43 07/27/88 Withdrawn Sec. 5.2: Addition to w/n 20 ft of Gold Star Hwy and to w/n 30 ft of Packer Road
88-56 08/24/88 Granted Sec. 5.2(1) Addition (Super.Ct. to w/n 20 ft of Gold appeal Star Hwy and (2) Addition overturned to w/n 30 ft of decision) Packer Road
89-78 11/08/89 Sec. 5.2: Addition to w/n 23 ft of Gold Star Hwy and to w/n 35 ft of Packer Road
Following the public hearing on November 8, 1989, the Defendant Board granted the variances as to the most recent Application No. 89-78.
The Plaintiffs, owners of land which abuts or is within a radius of one hundred feet of the property which was the subject of the variances, timely appealed the decision of the Defendant Board.
The Plaintiffs are statutorily aggrieved.
A party appealing from a decision of a zoning board must be statutorily aggrieved. See Primerica v. Planning and Zoning Commission, 211 Conn. 85, 92 (1989). Section 8-8 (a) of the General Statutes provides that, "Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board" may take an appeal to the superior court from such decision. The Plaintiffs own property within one hundred feet of the defendant's property. The Plaintiffs, therefore, are statutorily aggrieved and have the requisite standing to bring this appeal pursuant to Section 8-8 of the General Statutes.
Section 8-6 of the General Statutes provides, in relevant part, as follows:
 The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the CT Page 2483 application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship . . .
Zoning boards of appeals are authorized to grant variances where two basic requirements are satisfied: (1) a variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals of the Town of Norwalk, 174 Conn. 323, 326 (1978).
Section 8.5-8B of the Groton Zoning Regulations: provides that the Zoning Board of Appeals shall have the power to:
 Grant variances from the strict application of these regulations which, by reason of exceptional narrowness, shallowness, shape or substandard size of specific parcels of property, the strict application of these regulations or amendments thereto would result in unusual difficulty or unreasonable hardship upon the owner of said property; provided that such relief or variance can be granted without substantial impairment of the intent, purpose and integrity of these regulations and of the Plan of Development for the Town of Groton.
At the time of the public hearing, counsel for the Defendant Richard L. Tourjee stated that the site in question was unusual and unique because of its triangular shape, the fact that it is bounded on two sides by a road and that it is narrow and shallow.
Its width is about four times greater than its depth CT Page 2484 and it is bounded on the north and south by two public streets thereby imposing two front yard setbacks on any structures built thereon. The property has been developed for a package store and a one-family house, both of which uses are permitted in the CB-15 zone which has been assigned to this property. The existing building is located twenty-three feet from Gold Star Highway on the north and thirty-five feet from Packer Road on the south which makes it a legal nonconforming structure since the current regulations impose fifty feet front yard setback requirements.
The applicant applied for and was granted a variance from the fifty-foot front yard requirements so that he could put an addition onto the east side of his building. No new or different uses would be made of the property. The additions would be no closer to the highways than the existing structure, i.e., twenty-three feet and thirty-five feet, respectively. That portion of the addition that would encroach on the northerly setback totals only 211 square feet and the encroaching portion on the south would be 319 square feet. Even with these additions, the building will only cover percent of his lot, whereas 25 percent is permitted.
Tourjee has applied to the Board for relief eleven times in the past ten years. He has withdrawn three applications and the board denied two which sought changes in use. However, the Board, on April 10, 1985, granted application No. 1278 which requested precisely the same relief as was granted in the case now on appeal. That 1985 variance was conditioned on construction beginning within eighteen months. Eighteen months later on October 8, 1986, the Board granted Tourjee's application No. 1368 for a twelve-month extension of the variance granted in 1985. Having failed to request an additional extension within the twelve months, Tourjee came before the Board in 1988 with a new application No. 88-56 which was granted. That application, however, differed from the original 1985 variance in that the addition would be twenty feet and thirty feet from the highways rather than the twenty-three feet and thirty-five feet which totalled about a 16 percent increase in the front yard intrusions from what had been approved in the 1985 variance and would have extended several feet beyond the existing structures. That decision was successfully appealed to the Superior Court, Walsh, J., where the court specifically noted that the 1988 variance was not the same as the ones granted in 1985 and extended in 1986.
Tourjee's application sought only a variance in area requirements. His uses of the property, present and proposed, are and will be conforming and needed no variance. CT Page 2485
The record is completely void of any suggestion that there has been the slightest change in the conditions or circumstances affecting the Tourjee property since 1985. To the contrary, there was evidence of no change in, circumstances and the Board specifically made such a finding in setting forth the reasons for its decision. It is a fundamental principle of law that a zoning board of appeals cannot reverse itself unless a change of conditions has occurred since its previous decision. Rocchi v. Zoning Board of Appeals,157 Conn. 106 (1968).
Even if this was Tourjee's first application to the Board, a judicial review of its decision would be limited to a determination from the record before the Board as to whether it had acted illegally, arbitrarily or in abuse of the discretion vested in it. Havurak v. Zoning Board of Appeals of City of Norwalk, 177 Conn. 440 (1979); Horn v. Zoning Board of Appeals of City of Norwalk, 18 Conn. App. 674 (1989).
There is no statutory language for the regulations to limit or prohibit area or bulk variances. To the contrary, Section 8-13a provides that where the location of a building violates setback requirements for a period of three years, it becomes a legal nonconforming building. No such protection is given to illegal uses.
The general power of a zoning board to grant variances is set forth in Section 8-6 of the statutes. This general statutory power has been further defined by judicial reasoning.
 "The purpose of a board of appeals is to keep the law running on an even keel . . . ." The power and function of the board can be called into operation if one or the other of two conditions is found to exist, that is, if the strict application of the ordinance is arbitrary or if practical difficulties or unnecessary hardships result. (emphasis added) McMahon v. Board of Zoning Appeals, 140 Conn. 433, 440
(1953).
The Groton regulations have added some interesting specificity to these general statutory provisions. Section 8.5-8B of the regulations provides in part that variances can be granted from regulations "which by reason of exceptional narrowness, shallowness, shape or substandard size of specific parcels, the strict application of these regulations or amendments thereto would result in unusual difficulty or CT Page 2486 unreasonable hardship upon the owner of the property; provided that such relief or variance can be granted without substantial impairment of the intent, purpose and integrity of these regulations and of the Plan of Development for the Town of Groton. . . ."
The Tourjee property is in a CB-15 heavy commercial zone and its narrowness and shallowness for commercial uses is obvious. The variance was granted without "substantial impairments" of the zoning regulations.
The purpose of front, side and rear setback requirements is to prevent overcrowding, provide access for emergency vehicles, allow for the free passage of air and enhance visibility. See Pascale v. Board of Zoning Appeals,150 Conn. 113, 118; Windsor v. Whitney, 95 Conn. 357 (1920). The variance granted by the Board to Tourjee will not negate any of these objectives. The existing structure already intrudes into the fifty-foot front yards and the additional intrusions of 319 square feet and 211 square feet is obviously insignificant. Additionally, the Board noted in its reasons that both the existing structure and proposed additions would be at least fifty feet from the travelled portions of the street so the intent of the front yard requirement was not being compromised.
The Board's decision must be upheld because there have been no changes in circumstances from the time when it granted and subsequently renewed precisely the same variance.
The reasons given by the board are fully supported by the record. The plaintiff had a piece of land that was unique in several respects. His minimal intrusions of 211 square feet and 319 square feet into the two setback areas will not bring the structure any closer to the street than now exists.
After a public hearing on August 24, 1988, the Board found that the hardship which had existed and had been previously found regarding this site still existed and the variances were granted.
The Board had the opportunity to review requests for variances regarding the property which is the subject of the appeal on numerous occasions. As early as 1979, and again in 1985 and 1986, the Board found that legal hardship existed due to the unique location and configuration of the land. The Board has further found that the granting of these variances is within the intent of the plan of development. CT Page 2487
The established law of this state prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which existed at the time of the decision are shown to have changed and no vested rights have intervened. Bright v. Zoning Board of Appeals, 149 Conn. 698
(1962); Laurel Beach Associates v. Zoning Board of Appeals,166 Conn. 385, 387 (1974).
If an applicant presents the same evidence on hardship as had been previously accepted by the board, he may not be refused the renewal unless the Board establishes that circumstances have in fact changed to such an extent that it would be appropriate to make a fresh decision. Harding v. Pisano, Conn. Law Tribune, February 23, 1981, p. 10 (Super. Ct. 1980).
No material change of facts, conditions or circumstances has ever been shown or found which would justify reexamining the hardship associated with this property.
The requirement established in the case of Harding v. Pisano, supra, is that the Board must establish that circumstances have changed which would justify a new or changed decision. No evidence was offered of any material change of circumstances upon which the Board could base such a finding and therefore the previous finding of hardship must stand and the grant of the variances be upheld. . .
The Board had previously found legal hardship necessary to grant the requested variances on the property. A change in this legal conclusion would require a showing of some change of a material nature. No such showing of a material change has ever been made. A change in the finding without such a showing is a nullity.
The application in the instant case involves the same land and same facts as had supported the grant of a variance on three previous occasions and the present grant of variances was proper.
The appeal is denied.
Austin, J.