[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lena Johnson, appeals from a decision of the defendant, the Board of Zoning Appeals of the Town of Stratford (Board), denying her petition for a variance to permit the construction of a single-family residence on lot 19, Wells Place, Stratford, Connecticut.
On five previous occasions, the plaintiff applied to the Board for variances allowing her to construct a single-family residence on lot 19, and also applied to the Stratford planning and zoning administrator for a certificate of zoning compliance in order to obtain a building permit for a single-family residence on lot 19. See Johnson v. Board of ZoningAppeals, 35 Conn. App. 820, 822, 646 A.2d 953 (1994) (JohnsonI). In Johnson I the court affirmed the dismissal of the plaintiff's appeal from the denial of her application for a certificate of zoning compliance. The court also discussed the history of lot 19, which was created in 1918 when real property owned by Flora Deckand was subdivided into fifty-two lots, was accepted by the Stratford selectman and was recorded. Id., 821. "In 1927, Stratford adopted zoning regulations to which lot 19 conformed. In 1939, lot 19 was purchased by the owner of adjoining lot 18. Until that time, the two lots had been independently owned, separately taxed, and maintained as individual lots. . . . Lot 18 was developed with a single-family house. Although there is some evidence CT Page 13721 that there had been a house on lot 19, the lot was undeveloped when purchased in 1939." Id. In 1945, Stratford amended its zoning regulations to require a minimum lot width of sixty feet, which is ten feet more than the width of lot 19. Id. Lots 18 and 19 were purchased by the plaintiff in 1985, and the plaintiff later sold lot 18. Id. Furthermore, "[l]ot 19 is the last undeveloped lot of the original subdivision." Id., 821-22.
The Stratford planning and zoning administrator denied the plaintiff's application for a certificate of zoning compliance on the ground that lot 19 did not conform to the zoning regulations and was not exempt from the regulations. Id., 822-23. The board sustained the decision of the administrator, and the trial court concluded that the board had properly denied the plaintiff's application because lot 19 did not conform to the applicable zoning regulations. Id., 823-24.
In affirming the decision of the trial court, the appellate court concluded that "[t]his case is similar toKulak v. Zoning Board of Appeals, 184 Conn. 479, 440 A.2d 183
(1981). Both Kulak and the present case deal with a landowner seeking to build on an undersized lot, which was part of a subdivision created long before zoning. In both cases the lot conformed to the zoning requirements when they were first enacted and were rendered nonconforming by later regulations. In Kulak, our Supreme Court ruled that because the nonconformity was created by the zoning change and not by the actions of the owner, the owner could and should have sought a variance. Id., 482. Similarly, we conclude that the plaintiff in this case `has the . . . right to seek a variance and, if [her] request is supported in law, to obtain the variance.' Id." Id., 827.
On September 29, 1994, the plaintiff filed another petition for a variance to waive the required lot area and width in a RS-4 district in order to permit the construction of a one-family dwelling on lot 19, which is the subject of this appeal. The plaintiff's petition was denied on December 6, 1994. The minutes of the meeting of the Board on December 6, 1994, indicate that the denial of the plaintiff's petition was based upon the finding that the plaintiff's present petition was not different from her previous petitions, and that the plaintiff had created her own hardship by selling the CT Page 13722 piece of property adjoining lot 19.
The plaintiff now appeals the Board's denial of her petition for a variance on the ground that the Board acted illegally, arbitrarily and in abuse of its discretion because it disregarded the evidence that showed that the premises conformed to the zoning regulations initially adopted by Stratford; it failed to state the reason for its denial of the plaintiff's petition; it prejudged the plaintiff's petition; its denial of the plaintiff's petition denies the plaintiff of "equal protection of the law;" and its denial of the petition "amounts to a practical confiscation of the premises."
 I
General Statutes § 8-8(b) provides, in pertinent part, that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." "Proof of aggrievement is essential to a court's jurisdiction of a zoning appeal. Hughes v. Town Planning Zoning Commission,156 Conn. 505, 509, 242 A.2d 705 (1968)." ConnecticutResources Recovery Authority v. Planning Zoning Commission,225 Conn. 731, 739 n. 12, 626 A.2d 705 (1993). The plaintiff is the owner of lot 19, the property at issue, and accordingly, the plaintiff is aggrieved. See Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303,307-08, 592 A.2d 953 (1991).
"`In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant.'" Franciniv. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "The question is not whether the trial court would have reached the same conclusion but whether the record supports the decision reached." Burnham v. Planning ZoningCommission, 189 Conn. 261, 265, 455 A.2d 339 (1983); see also Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989). CT Page 13723
 II
"`A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus the power to grant a variance should be sparingly exercised.' Allen v. Zoning Board of Appeals,155 Conn. 506, 510, 235 A.2d 654 (1967). `An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone.' Dolan v. Zoning Board of Appeals,156 Conn. 426, 430, 242 A.2d 713 (1968). `The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved.' Whittaker v. Zoning Board of Appeals, 179 Conn. 650,658, 427 A.2d 1346 (1980). `Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance.' Id." Kaeser v.Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229
(1991); see also Bloom v. Zoning Board of Appeals, 233 Conn. 198,206-07, 658 A.2d 559 (1995).
In her brief, the plaintiff argues that the fact that "the current petition was different from the previous petitions which were denied . . . is not a basis for the denial of the variance by the board." The law, however, is to the contrary. Grillo v. Zoning Board of Appeals, 206 Conn. 362,367, 537 A.2d 1030 (1988); Laurel Beach Association v.Zoning Board of Appeals, 166 Conn. 385, 387, 349 A.2d 834
(1974) ; Rocchi v. Zoning Board of Appeals, 157 Conn. 106, 111,248 A.2d 922 (1968); Consiglio v. Zoning Board of Appeals,153 Conn. 433, 438-39, 217 A.2d 64 (1966); Malmstrom v. ZoningBoard of Appeals, 152 Conn. 385, 391, 207 A.2d 272 (1965);Mynyk v. Zoning Board of Appeals, 151 Conn. 34, 37,193 A.2d 1466 (1963), and cases cited therein.
Section 19.3 of the zoning regulations is inapposite. That regulation states in relevant part: "All petitions submitted in writing and in a form prescribed by the Planning CT Page 13724 Zoning Commission as the case may be, shall be considered at a public hearing to be held within time frames prescribed in the Connecticut General Statutes. . . . The commissions shall not be required to hear any petition or petitions which are substantially the same more than once in a period of twelve months." First, that regulation is limited by its terms to the "commissions" — that is, the zoning commission and the planning commission which in Stratford are separate commissions. Zoning Regulations of the Town of Stratford §§ 1.37.1, 1.55. It does not apply to the board of zoning appeals. "`Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them.'" State ex rel.Kennedy v. Frauwirth, 167 Conn. 165, 168, 355 A.2d 39 (1974). Secondly, § 19.3 of the zoning regulations is not inconsistent with the rule that, ordinarily, a zoning board of appeals cannot reverse a prior decision, since the exception to that rule is that a substantially similar application may be granted where changed circumstances have intervened. SeeLaurel Beach Association v. Zoning Board of Appeals, supra,166 Conn. 387; Malmstrom v. Zoning Board of Appeals, supra,152 Conn. 391. Here, however, there is no showing of changed circumstances.
"The opinions of the Supreme Court of Connecticut are binding upon the Superior Court, and the rule [that an administrative agency cannot ordinarily reverse a prior decision] is clear and explicit. Until it is reversed, changed or modified by the Supreme Court, this court must follow it." Montes v. Hartford Hospital, 26 Conn. Sup. 441,442-43, 226 A.2d 798 (1967); see American TruckingAssociation, Inc. v. Smith, 496 U.S. 167, 180,110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).
The appeal is dismissed.
BY THE COURT Levin, J. CT Page 13725