[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issue raised by this zoning appeal involves the rule that the zoning board of appeals cannot properly grant a second variance application if a similar, prior variance application has been denied for the same property.
The estate of Savino Caponera owns a back lot located at 284 Short Beach Road in East Haven. (Mr. Caponera will be referred to as "Caponera," and his estate will be referred to as the "estate.") The lot, which has an area of six acres, is zoned for residential use but is undeveloped. The primary problem is the lot's frontage, or lack thereof, on Short Beach Road. The lot is separated from Short Beach Road by other property facing the road. When Caponera purchased the lot in 1972, he obtained a right of way on a driveway going through the adjoining land to CT Page 6460 Short Beach Road. The frontage of this right of way on Short Beach Road is 30 feet. The minimum lot frontage required by the East Haven Zoning Regulations is 80 feet. The minimum dimension of a square on the lot is also 80 feet. East Haven Zoning Regulations, § 25.2, schedule B.
The record establishes that two applications were made to the East Haven Zoning Board of Appeals ("ZBA") for variances prior to the application in question here. In 1986, Caponera proposed a four-lot subdivision and requested a variance of the 80 foot minimum lot frontage to 30 feet. He additionally requested a variance of the minimum square requirement. The ZBA denied this request on February 25, 1987. (Exhibit B to Exhibit 1 in record.)
In 1994, the estate applied to the ZBA for a variance of the minimum lot frontage to 30 feet. (Exhibit 1.) According to the estate's complaint, filed in a subsequent judicial appeal, the 1994 application "thereby implicitly [requested] a variance as to square on lot if required." Estate of Caponera v. Zoning Board ofAppeals, No. 364166 (New Haven J.D.) (complaint dated August 4, 1994, par. 1). This application was denied on July 21, 1994.
The estate appealed the denial of the 1994 application to the Superior Court. On November 17, 1995, the Court (Booth, J.) dismissed the action because it had been brought in the name of the estate rather than of the administrator. Estate of Caponerav. Zoning Board of Appeals, 15 Conn. L. Rptr. No. 12, 391 (Jan. 1, 1996). This decision was not appealed.
The application in question here was filed on April 12, 1996. The variance requested is "Schedule B, 4 minimum lot, frontage 80 feet to 30 feet and Section 25-2 waiver of 80' lot within 25' of set back from road requirement." The application was denied on May 16, 1996.
The estate, this time through its executor, filed a timely appeal to this court A hearing was held on June 9, 1997. For the following reasons, the appeal must be dismissed.
"[T]he established law of this state . . . prohibits a Zoning Board of Appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened." Consiglio v. Zoning Board of Appeals, 153 Conn. 433, CT Page 6461 438, 217 A.2d 64 (1966). Accord Laurel Beach Association v.Zoning Board of Appeals, 166 Conn. 385, 387, 349 A.2d 834 (1974). "Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of the members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence."St. Patrick's Church Corp. v. Daniels, 113 Conn. 132, 137,154 A. 343 (1931).
The question that must be addressed under Consiglio is whether "the facts and circumstances which actuated the [prior] decision are shown to have . . . changed." 153 Conn. at 438. Such a change may occur in one of two ways. First, there may be a material change of external circumstances affecting the merits of the application. Alternatively, the subsequent application may be "for a use that materially differs in nature and degree from its predecessor." Fisher v. City of Dover, 412 A.2d 1024, 1027 (N.H. 1980). See Robert A. Fuller, Land Use Law and Practice § 9.6 at 158 (1993).
In this case, the estate makes no claim that there has been a material change of external circumstances affecting the merits of its various applications filed since 1986. The question presented is whether the 1996 application now before the court was for a use that materially differed in nature and degree from either of its predecessors.
Both the 1986 and the 1984 applications must be considered in this respect. The record establishes that the 1986 application was considered in the context of a request for a four-lot subdivision. The 1996 application (like the 1994 application) makes no mention of such a subdivision. Rather, the 1996 application (again like the 1994 application) was considered in the context of a request to build a single family house on the subject property. The 1996 application was thus for a use that materially differed in nature and degree from the 1986 application and was not precluded by the denial of the 1986 application.
The 1994 application, however, presents no such distinguishing characteristic. Like the 1996 application, it requested a variance of the 80 foot minimum lot frontage to 30 feet. At argument, the estate suggested that the applications were dissimilar because the 1996 application expressly requested a variance of the minimum square requirement whereas the 1994 CT Page 6462 application did not. As already mentioned, however, the complaint in the 1994 appeal (signed by the very attorney representing the estate in the present appeal) I characterized the 1994 application as "implicitly [requesting] a variance as to square on lot, it required . . ." Under these circumstances, there is no basis for a finding that the 1996 application was for a use that materially differed in nature and degree from the 1994 application. Moreover, to the extent that the 1996 applicationdid differ from the 1994 application in expressly requesting a variance of the minimum square requirement, this additional request merely serves to make the 1996 application more objectionable rather than less. See Pieretti v. Mayor,173 A.2d 296, 300 (N.J. 1961). In either case, therefore, the 1996 application was precluded by the denial of the 1994 application, there being no material change of circumstances between the two dates.
For the reasons discussed above, the appeal must be dismissed.
Jon C. Blue Judge of the Superior Court