[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7677
This is an appeal from a decision of the Zoning Board of Appeals of the City of Stamford (the "Board") modifying a condition of a special exception permit.
The following facts are apparent from a review of the record and the pleadings in this case. King Low-Heywood Thomas School, Inc. ("KLHT") is a private coeducational school located on Newfield Avenue in the City of Stamford. It is in an R-1 Zone, in which single family homes on one-acre lots are the principal permitted use. Under the applicable zoning regulations of the City, a "school, non-public" is a special exception use. Accordingly, any significant change in the school's facilities or use requires a special exception permit from the Board.
In late 1994, KLHT filed an application for a special exception permit with the Board (Application No. 087-94). The relief requested in the application was to allow KLHT to demolish several existing structures and construct a new building housing classrooms to serve its Middle School. There was a hearing before the Board on January 11, 1995. The Board approved the application on February 1, 1995. As a condition to the approval, the Board attached a condition limiting or "capping" the school enrollment at 610 students. There had been no limit or "cap" on the school's enrollment previously. No appeal was taken by any party from this approval.
The construction was finished by September, 1995. On December 8, 1995, KLHT filed a second application for a special exception permit (Application No. 108-95). The relief requested in this second application was to modify the previously imposed "cap" on student enrollment so as to allow 650 students. The Board held a hearing on this application on February 14, 1996. The record of the hearing reveals that traffic concerns were the primary issue under consideration. Evidence was submitted by KLHT from which the Board could find that the proposed increased in enrollment of 40 students would not have a deleterious impact upon neighboring traffic. KLHT also proffered evidence concerning the intensity of land use (measured by student enrollment against school acreage), which showed that KLHT had a lower intensity of land use than any Stamford public school. On April 16, 1996, the Board unanimously approved KLHT's application for a special exception permit modifying the limitation or "cap" on enrollment to 650 students. CT Page 7678
This appeal by the plaintiff's, owners of residences within the neighborhood of KLHT, followed. At trial, the plaintiff's proved aggrievement.
The primary legal issue advanced by the plaintiff's in this appeal is whether there must be a change in circumstances before a local zoning board may reverse itself. In support thereof, the plaintiff's have cited numerous authorities in their trial brief for the proposition that there must be a change in circumstances. Only two of those cases, however, involved instances in which the reviewing court actually overturned a Board's decision on a subsequent application for a special exception j permit. See,Consiglio v. Board of Zoning Appeals, 153 Conn. 433 (1966) andWhiting v. Board of Zoning Appeals, ___ C.S.C.R. ___1994 Ct. Sup. 1545 (February 15, 1994). These cases involved special exception permits which were first denied by local boards. When subsequent applications were approved, the reviewing courts vacated the approvals on the basis that there had been either no changes or insignificant changes to the previous plans.
Consiglio and Whiting, are distinguishable from the case at bar. While "administrative agencies are impotent to reverse themselves unless (1) a change of condition has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen . . . . The principle applies, however,only when the subsequent application seeks substantially the samerelief as that sought in the former. Fiorella v. Zoning Board ofAppeals, 144 Conn. 275, 279, 129 A.2d 619 (1957). Grillo v.Zoning Board of Appeals, 206 Conn. 362, 367, 537 A.2d 1030
(1988)." Carlson v. Fisher, 18 Conn. App. 488, 497-498 (1989) (Emphasis added; internal citations and quotation marks omitted).
In this case, KLHT sought substantially different relief in its two applications to the Board. The first application sought permission to demolish some existing buildings and construct new ones. While a condition "capping" enrollment at 610 students was attached to the Board's approval, it is clear that that condition was not part of the relief sought by KLHT. Only the second application sought relief from the condition imposing a "cap" on enrollment.
Moreover, "it is for the administrative agency, in the first instance, to decide whether the requested relief in both CT Page 7679 applications is substantially the same. Its determination will be disturbed only if its discretion was abused." Fiorella, supra, at 279; Grillo, supra, at 367-368. In both Fiorella and Grillo, the trial courts upheld the local zoning boards' determinations that subsequent applications sought relief substantially different from the initial applications. On appeal, our Supreme Court affirmed in both cases.
Having addressed that issue raised by the plaintiff's, there remains only for brief consideration the issue of whether the Board had the authority to hear the second application, and whether its decision was illegal, arbitrary or an abuse of its discretion.
Stamford Zoning Regulations Section 19, Subsection 3.2(c) clearly allows the Board to hear a special exception application requesting an "enlargement in the size and intensity of the operation" of the subject facility. Further, as noted previously, there was ample evidence before the Board to support its decision to modify the previous enrollment "cap" and permit an enrollment of as many as 650 students. The plaintiff's cannot seriously argue otherwise.
"Appellate review of an agency's decision is of limited scope. The reviewing court does not make a broad, de novo review of the record." Huck v. Inland Wetlands and Watercourses Agency,203 Conn. 525, 541. It does not redetermine factual issues or weigh the credibility of witnesses, as these matters are within the exclusive province of the agency. Id., 540-542. The court is limited to a review of the evidence and reasoning the agency has placed on the record. Agency decisions must be sustained if the record reveals substantial evidence in support of any reason given. Id., 539-540." Kaesar v. Conservation Commission,20 Conn. App. 309, 311 (1989).
Following this directive, this court has carefully examined the record and is satisfied that the decision of the Board modifying the student enrollment condition of the special exception permit, must be sustained. The decision is not illegal, arbitrary or an abuse of the Board's authority. Accordingly, the plaintiffs' appeal is dismissed.
So ordered.
Dated at Stamford, Connecticut, this 16th of July, 1997. CT Page 7680
JOHN F. KAVANEWSKY, JR., JUDGE