[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Angela D. Parent appeals the decision of the defendant zoning board of appeals of the town of Simsbury granting a variance to defendants Mark D. and Eileen P. Bredice. In rendering its decision, the board acted pursuant to General Statutes § 8-6. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the plaintiff.
The plaintiff owns property abutting the property owned by the Bredices, which is the subject of the variance in question. The plaintiff is, therefore, statutorily aggrieved General Statutes § 8-8(a)(1).
The facts essential to the court's decision are not in dispute and are reflected in the record. The Bredices bought their property in May 1995. At that time, the house on the property did not conform to the zoning regulations in that it violated the 50' rear and 40' side setback limitations set forth in the regulations. Specifically, a porch attached to the rear of the house extended into the setback areas. The porch had been constructed prior to the zoning regulations, however, and was thus a legal non-conforming use.
In May 1995, the Bredices applied for a building permit to repair the porch and construct a deck adjacent to it. They did not furnish a plot plan with their application nor did they CT Page 3308 otherwise alert the town building department to the existing non-conformity. The town issued the permit and the Bredices proceeded with the work. At some point in 1996, the work was completed. It consisted of the construction of the deck and the enlargement of the porch by six feet. Essentially, the Bredices enlarged the existing non-conforming use. The porch now extended from the rear of the house to a point 19.25 feet from the boundary of the plaintiff's property. Applicable zoning regulations required a 50' or 40' setback, depending on whether the area was a rear yard or side yard.
Upon receiving a complaint from the plaintiff, the town's zoning enforcement officer advised the Bredices to seek a variance from the setback regulations that would allow the construction work that had already been completed. In February 1997, the Bredices filed an application for "a 30.25 rear yard variance to allow construction of an addition onto an existing structure . . . The existing home is currently legal non-conforming as to the 50' rear yard." They described the hardship as "an irregular shaped lot which prevents the reasonable use of our property due to the placement of our home."
The board held its required public hearing on February 26, 1997. Mark Bredice and the plaintiff appeared and presented evidence and testimony.
On March 6, 1997, the board notified the Bredices that their application for a variance had been denied. The board stated its reason as follows: "The Board did not find that a hardship would result to the owner of said property from a strict enforcement of the regulations."[1]
The Bredices did not appeal the board's March 1997 decision. Instead, in September 1997, they filed a new application for a variance. It was identical in all respects to the February application except that it referred to the requested variance as "a 20.25 side yard variance." During the subsequent public hearing, Mark Bredice confirmed that the physical structure of the house, including the deck and porch, had not been changed since the previous variance application, nor was there any change in the size or shape of the lot or the position of the house on it.
Following the hearing, the board members discussed the new application. They reached a preliminary finding that the porch CT Page 3309 violated the 40' sideline setback regulation rather than the 50' rearline setback regulation that they had considered in denying the earlier application. In so doing, they noted that "there's still a variance required; it's not as much a variance, but still a variance." The board then voted to reverse its earlier decision and approve the new request for a variance.
Although the notice that the board issued did not state reasons for its new decision, the record discloses that the vote was on the following motion: "[m]ove that the variance be granted. Hardship being the unusual shape of the lot, specifically the area that juts out, the juxtaposition of the old and existing structure to that unusual portion of the lot and given the exceptional size of the lot, . . . a denial of the application would effectively deprive the homeowners of the reasonable use of the very substantial lot."
It is this decision of the board approving the Bredices' September 1997 application for a variance that is the subject of the plaintiff's appeal.
The plaintiff advances a number of arguments in support of her appeal. In the court's view, her contention that the board could not legally reverse its earlier decision is dispositive.
"[T]he established law of this state . . . prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened." Laurel Beach Assn. v. Zoning Board of Appeals,166 Conn. 385, 387 (1974).
The board contends that the rule in Laurel Beach has been modified by General Statutes § 8-6(a), as amended byPublic Act 77-509, which took effect subsequent to the Laurel Beach
decision. The statute as amended reads, in part, "(the) board shall not be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board . . . on an earlier such application."
The board argues that this provision in § 8-6 implies that the board may grant the same or substantially the same variance that it had previously denied so long as the new CT Page 3310 application is filed at least six months after the first decision. The board cites no authority for this interpretation, and a review of our case law finds no support for it. Indeed, inRoot v. Zoning Board of Appeals, 41 Conn. sup. 218, 221-223 (1989), the court (Burns, J.) expressly rejected the argument. In that case, the court held that the purpose of the provision in question is simply to provide the board a modicum of relief from its statutory appellate obligations. The court held that the provision does not, however, permit the board at any time to reverse its previous decision absent a material change in conditions. Id., 223. See also Caponera v. Zoning Board ofAppeals, Superior Court, judicial district of New Haven at New Haven, Docket #387959 (June 27, 1997, Blue, J.), affirming the prohibition against reversing a prior decision on substantially the same variance in a case where the earlier decision predated the new application by almost two years.
The obvious rationale for the general rule against reversing a prior decision on the same subject matter was stated by our Supreme Court in St. Patrick's Church Corp. v. Daniels,113 Conn. 132, 137, 154 A. 343 (1931). There the court observed, "Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of the members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence." Clearly, the desirable purposes of the rule would be frustrated if an applicant and board could circumvent it merely by waiting six months from the date of an unwanted decision and then re-doing it. For all of these reasons, this court holds that § 8-6 did not permit the board to reverse its decision on the earlier application solely because the new application was filed more than six months after the earlier decision.
The board argues next that the new application was substantially different from the earlier application. It bases this argument on the fact that the new application seeks a variance from the sideline setback regulation rather than the rearline setback regulation. As noted, the board agreed with the Bredices that the area in question is a side yard not a rear yard, in contrast to the position taken by the Bredices and the board with respect to the earlier application.
The board's argument is based on a misreading of the LaurelBeach rule. In Laurel Beach, the court held that a board cannot reverse its previous decision "unless the facts and circumstances CT Page 3311 which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it." In Grace Community Church v. Planning ZoningCommission, 42 Conn. Sup. 256, 271 (1992), the court (Fuller, J.) explained the operation of the rule as follows: "An administrative agency which has acted . . . is not allowed to reverse itself unless a change of circumstances intervenes that materially affects the merits of the case, except that it can grant a second application which has been substantially changedto meet the objections the agency had to the originalapplication." (Emphasis added.) The relevant inquiry, therefore, is whether facts and circumstances have changed since the original decision denying the variance so that the reasons for the denial are no longer viable.
As noted, the basis of the board's original decision in February 1997 was that the Bredices did not demonstrate hardship which was legally sufficient to justify the granting of a variance. The record with respect to the new application, here under review, discloses no new facts or circumstances that would indicate a hardship now that did not exist at the time of the earlier, rejected application. In particular, the shape and size of the lot and the position of the house on it, the factors cited by the board in the new decision, are exactly the same as they were when the board decided in the first instance that those factors did not create a hardship. The fact that the board now considers the violation necessitating the variance to be a sideline violation rather than a rearline violation is a change, to be sure, but it is not a change which creates a hardship where one did not exist before. It is not, in other words, a change in the facts or circumstances which meet the objection that the board had to the first application. Since it is not such a material change, it does not justify the board in reversing its earlier decision. The board's action, therefore, may not be affirmed.
The plaintiff's appeal is sustained.
MALONEY, J.