[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed the present appeal from the denial of two petitions regarding variances from the Town of Stratford's Board of Zoning Appeals. The first petition sought a variance for a duplex dwelling regarding lot area from 7500 square feet to 5545 square feet and the waiver of a lot area per dwelling from 3750 square feet to 2772.5 square feet. The second petition sought a variance for a single family dwelling regarding lot area from 7500 square feet to 5,000 square feet as well as a waiver of the lot width from 60 feet to 50 feet and the waiver of a required side yard set back from 10 feet to 4.6 feet.
The petitions were denied by the Stratford Board of Zoning Appeals on the ground that "[T]here is no significant change from the prior applications which were denied for this property."
In February of 1993, the appellant submitted a petition for a variance of the zoning regulations to the Zoning Board of the Town of Stratford seeking a variance regarding minimum lot area, minimum lot width and side yard set backs. That petition was denied by the Board. The petitioner, however, claims that the petitions are materially different particularly in view of the structures themselves. The appellant claims that the 1993 duplex dwelling envisioned a duplex with a side by side alignment with both the front doors opening up onto Allen Street. The current petition shows back to back duplex dwellings with one having a front door facing Allen Street and the second having a front door facing on Feeley Street.
A zoning board of appeals generally cannot grant a variance when a similar, prior, variance application was denied. Laurel Beach Assoc. v.Zoning Board of Appeals, 166 Conn. 385, 387 1974). A zoning board of appeals can, however, reverse themselves if there has been a material change of circumstances or other considerations have intervened affecting the merits and no vested rights have arisen. Wright v. Zoning Board ofAppeals, 174 Conn. 488, 492 (1978). "[I]t is for the administrative agency, in the first instance, to decide whether the requested relief in both applications is substantially the same. It's determination will be disturbed only if its discretion was abused." Fiorilla v. Zoning Board ofAppeals, 144 Conn. 275, 279 (1957). CT Page 5853
While there were changes in the application between 1993 and 2000 concerning the methods of ingress and egress, the commission did not abuse its discretion in determining that the petitions were substantially similar in the respects in which the variances were sought.
Accordingly, the appeal is hereby dismissed.
RUSH, J.