[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the Trumbull Zoning Board of Appeals' (ZBA's) denial of the plaintiff's request for variance.
The plaintiff has a contingent ownership interest in one-half of the property located at 76 Daniels Farm Road in Trumbull;[1] it lies in what the town has classified as Residence Zone AA — a one-acre zone. The lot is a legally nonconforming lot, slightly under one acre. The properties across the street are in Residence Zone A, which requires only half-acre lots. The plaintiff sought a variance to build a home on land which in actuality is less than one half acre. Thus, if the variance had been granted, this already nonconforming lot situated in a one-acre zone would consist of two (2) less than one-half acre lots in a zone calling for one-acre lots. In denying his request, the plaintiff claims the ZBA acted illegally, arbitrarily, and in abuse of its discretion in that it failed to consider the rationale behind its regulations to determine whether the regulations were necessary to protect substantial public interests in health, safety, or other matters.
Relevant to this court's determination is that this same piece of property had come before the ZBA in May of 1993 with the same request for variance.[2] In June of 1993, the ZBA denied that application stating, "No hardship established . . . applicant's personal needs, preferences, and circumstances do not justify a variance." Exhibit 16. In its June 7, 2001 denial of this plaintiff's application, the ZBA again found "no hardship" and also stated "no change in circumstances since denied 6/93." Exhibit 4.
The ZBA contends there is no aggrievement through the date of decision in view of still another variance application made subsequent to the instant application by one J R Economic, LLC, described therein as the "purchaser of property located at 76 Daniels Farm Road in Trumbull, Ct." JR Economic, LLC v. Zoning Board of Appeals, Fairfield judicial district at Bridgeport, Docket No. CV02 0390879S. The plaintiff testified in this court that he made such application in the name of J R Economic, LLC though, in point of fact, no such legal entity ever existed because he failed to complete the paperwork or to submit the necessary documents to the Secretary of State's office. He continues to hold his option to the present time and thus maintains a specific, personal and legal interest in the subject matter of this appeal. There is aggrievement and this court has jurisdiction.
For a variance to be granted, the moving party must demonstrate that: (a) the variance would not substantially affect the comprehensive zoning plan, and (b) strict adherence to the zoning ordinance would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326
(1978). The hardship claimed must be different in kind from that generally affecting properties in the same zoning district. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 373 (1988). Ordinarily, financial loss does not constitute hardship. Makar v. Zoning Board of Appeals,150 Conn. 391, 395 (1963). Proof of economic advantage to the owners of the property is not proof of the hardship which justifies the granting of a variance. The plaintiff's request for a variance was based upon his desire to purchase a lot in Trumbull on which he could build a one-family home for a reasonable price. Exhibit 3, p. 2. The requisite hardship was not established; that finding of the ZBA is supported by the record.
Additionally, the ZBA, in its denial, noted the absence of any change in circumstances since the prior application was denied in June of 1993. Thus, in the words of our Supreme Court, this case "comes clearly within the established law . . . which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened." (Citations omitted.) Laurel Beach Assn.v. Zoning Board of Appeals, 166 Conn. 385, 387 (1974). Pertinent here is that, when asked at the public hearing what the difference between this application and the prior one was, the plaintiff first responded, "I figure I'd take a chance." (Exhibit 3, p. 2.) He then later stated, "That I do not know. I didn't file for the first one . . ." (Exhibit 3, p. 3.) The record does not establish any difference between the two applications.
A trial court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or abused its discretion. McCrann v.Town Planning Zoning Commission, 161 Conn. 65, 71 (1971). The decisions of zoning authorities are to be overruled only when it is found they have not acted fairly, with proper motives, and upon valid reasons.Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662 (1965).
The ZBA's denial of the application for variance was supported by the record and a proper discharge of their responsibility. The appeal is denied.
B.J. Sheedy, Judge