[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court by way of an appeal from the actions of the West Haven Zoning Board of Appeals (Board) in denying the plaintiff Christopher Stoyer's request for reconsideration of conditions imposed upon a variance previously granted by the Board, for property owned by the plaintiff and known as 475 Derby Avenue, West Haven.
Historically, the Board on February 21, 1996 granted a variance for the use of the property as a used car dealership with certain conditions attached.
Subsequently, on February 24, 1997, the plaintiff, pursuant to Section 6-13 of the West Haven Zoning Regulations and §§ 14-54
and 14-55 of the Connecticut General Statutes, petitioned to remove the conditions. As his claim of a hardship, the plaintiff's application states the following.
 "Applicant is requesting removal of special conditions which were attached to a prior location approval."
CT Page 6336 On March 19, 1997, the hoard voted to deny plaintiff's application, said denial being published in the New Haven Register on March 26, 1997.
As the basis for this appeal, the plaintiff claims that the Board acted illegally, arbitrarily and in abuse of its discretion in denying said applications.
The plaintiff has testified before the court that he is the owner of the subject property. The court therefore finds that he is aggrieved by the decision of the Board.
The second count of the plaintiff's appeal was dismissed by the court, Ripley, J., and this court will not therefore consider the second count in its decision.
The sole issue before the court is to determine whether the Board acted illegally, arbitrarily, or in abuse of its discretion.
While the Board in its decision failed to state any reasons for its denial, it is nevertheless the duty of the court to search the record in order to reach a conclusion as to whether the Board acted appropriately.
After an examination of the record, the court notes that no evidence was presented to the Board showing any change of conditions occurring in the intervening period between the two hearings a period of one year. "The Board could not properly reverse its first decision, since it did not appear that there had been a change in conditions or that other considerations materially affecting the merits of the subject matter had intervened and no vested rights had arisen. This principle has been repeatedly recognized as the law of this state." Mynyk v.Board of Zoning Appeals, 151 Conn. 34, 37. (Citations omitted.)
"The situation falls clearly within the language of St.Patrick's Church Corporation v. Daniels, supra 147; `[I]t appears to be well established that a zoning board of appeals or adjustment should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence.'" Mynyk v. Zoning BoardCT Page 6337of Appeals, supra 38.
In the case of Bradley v. Inland Wetlands Agency,28 Conn. App. 48, 50 that court held that "administrative agencies are impotent to reverse [themselves] unless (1) a change of condition has occurred since its prior decision or (2) other considerations materially affecting the matter have intervened and no vested rights have arisen." (Citations omitted.)
In this case, it has only been a year since the original hearing and no change of conditions was presented. Other considerations have not intervened which would have materially affected the merits of the subject matter and no vested rights have arisen. The court finds that the Zoning Board of Appeals has not acted illegally, arbitrarily or in abuse of its discretion.
Judgment may enter for the defendant appellee Zoning Board of Appeals.
The Court
Curran, J.